MARY LOU GLAVES, Plaintiff-Appellant, v. RONALD GLAVES, Defendant-Appellee.

Second District   No. 2—89—0201

Opinion filed January 31, 1990.

George M. Sachs & Associates, of Vernon Hills (George M. Sachs, of counsel), for appellant.

Ryan & Viglione, of Waukegan (Kathleen M. Viglione, of counsel), for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff appeals from several court orders dismissing with prejudice two counts of her complaint seeking damages for personal injury. We affirm.

On September 25, 1986, Mary Lou Glaves (plaintiff) was cut by an electrical circular saw operated by her husband Ronald Glaves (defendant). Plaintiff received over 200 stitches in her right arm, wrist and hand. At the time of the injury, spouses in Illinois were prevented from suing each other for other than intentional torts committed during coverture. Ill. Rev. Stat. 1985, ch. 40, par. 1001.

On January 1, 1988, Public Act 85—625 became law. This Act provided in pertinent part that spouses could sue for any kind of tort committed during the marriage.

On March 21, 1988, plaintiff brought suit against defendant. Count I alleged that plaintiff's injuries were caused by defendant's negligence. Count II alleged willful and wanton misconduct on defendant's part. Defendant moved to dismiss the complaint, averring that plaintiff's actions were barred by the law in effect at the time of the injury. The trial court denied the motion to dismiss and found that Public Act 85—625 should be applied retroactively. Defendant's appeal of this order was dismissed.

On January 30, 1989, a hearing was held on defendant's amended motion for rehearing on the issue of retroactive application of Public Act 85—625. The court vacated that portion of its order finding that the Act should be applied retroactively and found that the Act should only be applied prospectively. The court subsequently dismissed counts I and II of the complaint and granted leave to plaintiff to amend her

complaint to allege the commission of an intentional tort. As the orders dismissing counts I and II contained Supreme Court Rule 304(a) ((November 30, 1988), Official Reports Advance Sheet No. 23 (eff. Jan. 1, 1989)) language regarding enforcement and appealability, plaintiff appeals the orders to this court.

■■ Plaintiff contends that Public Act 85—625 should be given retroactive application and that this court should reverse the trial court's dismissal of counts I and II of her complaint. We note initially that a presumption exists that an amendatory act is intended to apply only prospectively. (*Rivard v. Chicago Fire Fighters Union, Local No. 2* (1988), 122 Ill. 2d 303, 309; *Levy v. McKiel* (1989), 185 Ill. App. 3d 240, 242.) This presumption is rebuttable only if the act, by express language or necessary implication, indicates that the legislature intended a retroactive application. (*Rivard*, 122 Ill. 2d at 309.) However, this presumption does not apply to changes in procedures or remedies; when an amendment changes procedures alone, it will be construed as retroactive so long as that is what the legislature intended. *Rivard*, 122 Ill. 2d at 310.

■ We must first determine, then, whether Public Act 85—625 amended a substantive right or merely a procedural right. The statutory language conferring interspousal tort immunity in Illinois was promulgated by the General Assembly in a 1953 amendment to the Married Women's Act of 1874. This amendment provided that "neither husband nor wife may sue the other for a tort to the person committed during coverture." (See Ill. Rev. Stat. 1979, ch. 40, par. 1001.) Our supreme court, in a series of decisions, construed the amendment, which reestablished the common-law rule of interspousal tort immunity, as a substantive bar to personal injury litigation between spouses. (See *Wartell v. Formusa* (1966), 34 Ill. 2d 57, 60; *Heckendorn v. First National Bank* (1960), 19 Ill. 2d 190, 193.) However, the court in *Allstate Insurance Co. v. Elkins* (1979), 77 Ill. 2d 384, concluded that the effect of the 1953 amendment "was not to destroy the cause of action of the injured spouse, but to confer immunity on the tortfeasor spouse, which like a defense based upon the statute of limitations can be waived by the defendant spouse." (*Allstate*, 77 Ill. 2d at 390.) Since the *Allstate* decision, Illinois courts, including this court, have interpreted interspousal tort immunity as a procedural, rather than a substantive, bar to actions between spouses. See *State Farm Mutual Automobile Insurance Co. v. Palmer* (1984), 123 Ill. App. 3d 674, 680; *Farmers Insurance Group v. Nudi* (1982), 108 Ill. App. 3d 151, 153; *Wirth v. City of Highland Park* (1981), 102 Ill. App. 3d 1074, 1077.

■ Having concluded that the immunity is procedural, we must determine whether the legislature intended Public Act 85—625 to be applied retroactively. Legislative intent may be divined through any of the ordinary devices of statutory interpretation, including: (1) the evil to be remedied and the object to be obtained; (2) the reason and necessity for the statute; and (3) the history of the legislation, particularly the record of legislative debates and statements by the sponsors of the legislation. *Rivard*, 122 Ill. 2d at 310.

■ Our review of the relevant materials leads us to conclude that the General Assembly did not intend Public Act 85—625 to be applied retroactively. Looking to the history of the Act, we find that the Act was approved on September 20, 1987, but did not become effective until January 1, 1988. From this we conclude that the legislature intended a later, rather than an earlier, effective date. Plaintiff cites as precedential *State Farm Mutual Automobile Insurance Co. v. Palmer* (1984), 123 Ill. App. 3d 674, in which the Appellate Court for the Third District retroactively applied Public Act 82—569 ("An Act relating to interspousal torts"), which eliminated interspousal tort immunity for intentional torts. In *Palmer*, the act in issue recited that " '[t]his amendatory Act shall take effect upon becoming law.' " (*Palmer*, 123 Ill. App. 3d at 681, quoting Pub. Act 82—569, §3.) The court concluded that the legislature intended immediate, early application of that act. The court, therefore, found no error in the trial court's retroactive application of the law.

The language of the Act before us, however, does not provide such a sense of urgency. Had the legislature intended retroactive application here, it surely would not have provided for an effective date more than three months after approval of the Act. Nothing in the statements by supporters of the bill, supplied by plaintiff, direct us toward an opposite result. Without any evidence of a contrary intent by the legislature, we do not find error in the trial court's prospective application of the Act. We, therefore, determine that counts I and II of plaintiff's complaint were properly dismissed by the trial court.

For these reasons, we affirm the orders of the circuit court of Lake County.

Affirmed.

DUNN and WOODWARD, JJ., concur.