THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. FREDERICK R. STOTHOFF, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

First District (6th Division)   No. 1—90—0592

Opinion filed December 28, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

The Secretary of State appeals from an order of the circuit court of Cook County directing him to issue a judicial driving permit (JDP) to defendant Frederick Stothoff. The Secretary maintains that since defendant was not a "first offender" within the meaning of section 11—500 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500), he was ineligible for a JDP, and that the court erred in granting it to him. Defendant has not filed a brief in response to the Secretary's contention, and we therefore consider the merits of the appeal under the guidelines of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The record shows that on April 2, 1989, defendant was arrested and charged with driving under the influence of alcohol. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2).) Shortly thereafter, the Secretary served him with notice of the summary suspension of his driving privileges (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1) effective May 18, 1989, for one year. This time period indicated that defendant was not a first offender. Ill. Rev. Stat. 1987, ch. 95½, par. 6—208.1(a)(3).

On October 3, 1989, defendant entered a plea of guilty to the underlying charge of driving under the influence of alcohol for which

he was placed on two years' supervision and fined $750. In the same proceeding, the trial court granted defendant's petition for issuance of a JDP in order to alleviate the undue hardship which would result in his employment situation. On October 17, 1989, the Secretary requested the court to reassess its decision in this matter, pointing out that defendant's driving record showed that he was a second offender and therefore ineligible for such a permit. The abstract of defendant's driving record reflects a prior implied-consent suspension from December 18, 1982, through June 18, 1983. The court, however, refused the Secretary's request, and on January 12, 1990, reaffirmed its prior order granting the JDP to defendant. The Secretary was then granted leave to file a late notice of appeal from this judgment and here contends that the order of the circuit court directing that the issuance of a JDP to defendant was erroneous because defendant was not a "first offender" within the meaning of the Code.

The Illinois policy concerning the removal of impaired drivers from the roads is set forth in section 6—206.1 of the Code. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1.) This section also sets forth certain limited circumstances in which a JDP may issue to persons whose licenses have been suspended in order to relieve undue hardship (*People v. Kerr* (1991), 196 Ill. App. 3d 207, 552 N.E.2d 1329); however, this accommodation is limited to "first offenders" as defined in section 11—500 of the Code. At the time of defendant's arrest for driving under the influence in the instant case, "first offender" was defined as follows:

> "For the purposes of interpreting Sections 6—206.1 and 6—208.1 of this Code, 'first offender' shall mean any person who has not had a previous conviction or a court assigned supervision for violating Section 11—501, or a similar provision of a local ordinance, or a conviction in any other state for a violation of driving while under the influence or a similar offense where the cause of action is the same or substantially similar to this Code, within the last 5 years; or any person who has not had a driver's license suspension for Section 11—501.1 after January 1, 1982, or a previous statutory summary suspension as provided in this Code, except in cases where the driver submitted to chemical testing resulting in an alcohol concentration of 0.10 or more and was subsequently found not guilty of violating Section 11—501, or a similar provision of a local ordinance." Ill. Rev. Stat. 1987, ch. 95½, par. 11—500.

This section was amended by Public Act 86—929, which became effective September 21, 1989. In the amended version the phrase

"within the last 5 years" following "similar to this Code" was deleted, and "within 5 years prior to the date of the current offense" was substituted for "after January 1, 1982, or a previous statutory summary suspension, as provided in this Code." Ill. Rev. Stat. 1989, ch. 95½, par. 11—500.

In this case, defendant's arrest took place prior to the effective date of Public Act 86—929, yet he was granted a JDP under the amendment which was in effect when the trial court entered judgment. The Secretary ascribes error to that decision, maintaining that the amended statute should not have been given retroactive application and that defendant's request for a JDP should have been denied under the definition of "first offender" which was in effect at the time of his arrest and rendered him ineligible as a repeat offender. In support of that position, the Secretary points out that the date of arrest is the operative event in many of the summary suspension and JDP procedures under the Code, and he urges that it determine the outcome here.

Our research reveals that reviewing courts which have ruled on the propriety of the issuance of JDPs under the five-year provision of the Code generally agree that the period commences on the date of disposition of the charges stemming from the prior DUI arrest, and that it closes on the date of the underlying DUI arrest at bar which gave rise to the statutory summary suspension of defendant's driving privileges. (See *People v. Kerr*, 196 Ill. App. 3d 207, 552 N.E.2d 1329 (and cases cited therein).) We have also examined the cases cited by the Secretary which were filed after the effective date of the amended statute, but where the preamendment definition of "first offender" was used by the reviewing court to determine the propriety of the JDPs issued. (See, *e.g.*, *People v. Moffat* (1989), 192 Ill. App. 3d 326, 548 N.E.2d 757; *People v. Kazik* (1989), 189 Ill. App. 3d 930, 545 N.E.2d 1040.) In those cases, however, unlike the situation in this case, all of the operative events occurred prior to the effective date of the amendment. Thus, the amended provisions of the section were inapplicable and had no bearing on the outcome. See *People v. Kerr*, 196 Ill. App. 3d at 210.

■ Here, the JDP was granted under the amended version of the statute which limited ineligibility to five years. The violation which gave rise to the suspension took place under the former codification, which excluded persons whose licenses had been suspended for violations under section 11—501.1 after January 1, 1982. Defendant's prior suspension made him ineligible for a JDP under that provision, but since that occurred more than five years prior to the present offense,

he qualified as a "first offender" under the amendment. Thus, the propriety of the court's decision appears to hinge on whether the amendment was to be given prospective or retroactive application.

■■ Generally, prospective application of a statute is preferred to retroactive application (*Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 122 N.E.2d 513); and, in Illinois, an amendatory act will be so construed. However, this presumption may be rebutted by the express language of the statute or by the necessary implication of the act itself (*Rivard v. Chicago Fire Fighters Union* (1988), 122 Ill. 2d 303, 522 N.E.2d 1195), and where the amendment only changes procedures, it will be construed as retroactive so long as that is what the legislature intended. *Glaves v. Glaves* (1990), 193 Ill. App. 3d 651, 550 N.E.2d 52.

■■■ Moreover, a right which did not exist in common law but is purely a creation of statute may be abrogated by retroactive application of the repealing legislation (*Cruz v. Puerto Rican Society* (1987), 154 Ill. App. 3d 72, 506 N.E.2d 667), and in the absence of legislative intent to the contrary, a court is to apply the law in effect at the time of decision unless doing so results in manifest injustice. (*General Telephone Co. v. Johnson* (1984), 103 Ill. 2d 363, 469 N.E.2d 1067; *Bank of Illmo v. Simmons* (1986), 142 Ill. App. 3d 741, 492 N.E.2d 207.) Finally, we bear in mind that under the rules of statutory construction in this State, " 'if words used in a prior statute to express a certain meaning are omitted [from a later statute], it will be presumed that a change of meaning was intended.' " *Lingwald v. Honer* (1985), 108 Ill. 2d 206, 212, 483 N.E.2d 512, quoting 2A N. Singer, Sutherland on Statutory Construction, §51.02 at 454 (Sands 4th ed. 1972).

Applying these principles to the case at bar we observe first that the Code has as its avowed purpose to make the Illinois highways safer for its citizens. (*Koss v. Slater* (1987), 116 Ill. 2d 389, 507 N.E.2d 826.) The Code also sets forth provisions which accord driving privileges to the populace, as well as the suspension and termination of those privileges.

Under the enactment in effect at the time of defendant's arrest, a judicial driving permit was granted to those who qualified as "first offenders," including those who had not violated the drunken driving laws after January 1, 1982. When that act was amended in 1989, the phrase pertaining to that class of individuals was deleted and the time of ineligibility limited to five years. In a further amendment to that section, Public Act 86—1019, which became effective July 1, 1990, the time limitations of the amended version were maintained.

■■ From these successive enactments we find evident the legislative intent to restrict the period of ineligibility for issuance of a JDP

to five years from the prior suspension, and that in order to effectuate that intent, the 1989 amendment was to be given retroactive application to pending cases. Accordingly, we conclude that the amended version, which was in effect on the day the trial court rendered judgment in this case, was controlling, and was, therefore, properly invoked by the trial court in directing that defendant be issued a JDP as a "first offender" under the Code.

The judgment of the circuit court is therefore affirmed.

Judgment affirmed.

LaPORTA, P.J., and EGAN, J., concur.