THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PABLO DELGADO, Defendant-Appellant.

First District (1st Division)  No. 1—92—0986

Opinion filed December 20, 1993.

James Geis, of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and James E. Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

On December 2, 1990, at approximately 7 p.m., Chicago police officers Sergeant Joseph D'Antonio and Officers Patrick Feeny and Alfred Pappalito arrived with a search warrant at an apartment at 3607 West Palmer Street in Chicago. Feeny approached the rear of the first-floor apartment in the building and peered through a kitchen window. He saw defendant, Pablo Delgado, in the kitchen. Feeny knocked on the back door and announced that he was a police officer with a search warrant. Defendant turned and ran from the kitchen toward another room in the apartment. Feeny forcibly entered the apartment and gave chase. He caught up with defendant as he opened the bathroom door. A 12-year-old boy was sitting on the toilet, and defendant picked up the boy and tossed him into the bathtub. Defendant threw a plastic bag into the toilet and flushed it. Feeny shoved defendant aside, stuck his hand in the toilet, and retrieved the bag. Feeny led defendant and the boy into the living area of the apartment, where he placed defendant under arrest. Defendant told Feeny that he did not live in the apartment.

Feeny took the plastic bag back to the police station, where it was inventoried and sealed. The bag contained 15 smaller, clear plastic baggies containing white powder, as well as 11 smaller baggies containing a brownish powder and three tinfoil packets with a similar brownish powder in them. Feeny stated that the packaging was similar to that used for narcotics sales in Chicago. The brown powder contained in the bags weighed approximately 5.6 grams, and the white powder in the other bags weighed 3.0 grams.

Moses Boyd, Jr., a criminalist with the Chicago police department, analyzed the contents of the bag seized from defendant. Boyd tested over 10%, .62 grams, of the brown powder and confirmed that it was heroin. Boyd also tested over a third, 1.09 grams, of the white powder and confirmed that it was cocaine. Boyd did not test samples from each of the 29 packets and bags contained in the larger bag; however, he offered an opinion based on the physical appearance of the substances that they were heroin and cocaine. According to Feeny, the street price of cocaine at the time was $142.10 per gram, and the price of heroin was $77 per gram. Thus, the bag contained over $1,000 worth of the drugs.

Although he confirmed that he did not live at the apartment on West Palmer, defendant disputed Feeny's account of events. He said that he decided to go to the apartment on December 2, 1990, around 6 p.m. to visit an old friend, "Gordo." Defendant had only seen Gordo on one other occasion during the previous several years. Gordo had left the apartment and was not present when the police arrived. Defendant stated that he was in the bathroom, where he heard loud voices shouting "police." Then, Gordo's son, followed by Officer Feeny, came running into the bathroom and tossed a bag into the toilet and flushed it.

A jury found defendant guilty of possession with intent to deliver more than one gram but less than 15 grams of cocaine, a Class 1 felony (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(c)(2) (now, as amended, 720 ILCS 570/401(c)(2) (West 1992))), and possession with intent to deliver heroin, a Class 2 felony (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(d) (now, as amended, 720 ILCS 570/401(d) (West 1992))). Defendant appeals.

Defendant claims that the State failed to prove him guilty beyond a reasonable doubt of possession of a controlled substance with intent to deliver. Specifically, defendant argues that the small amount of cocaine and heroin tested and confirmed, coupled with the fact that neither measuring paraphernalia nor cash was found in his possession, is evidence only of possession of the drugs in question. We agree and reduce defendant's convictions to simple possession of a controlled substance.

The familiar standard of review on claims of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.) (*Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789.) This court will only overturn a conviction if the evidence is "so unsatisfactory *** that a reasonable doubt of defendant's guilt remains." *People v. Schott* (1991), 145 Ill. 2d 188, 206-07, 582 N.E.2d 690.

To establish possession of a controlled substance, the State must establish "that the accused knew of the presence of the substance and that the substance was in the immediate and exclusive control of the accused." (*People v. Marshall* (1988), 165 Ill. App. 3d 968, 976, 521 N.E.2d 538.) The defendant does not contest the finding of possession. The jury obviously believed Officer Feeny's account of the events rather than defendant's. Given the officer's rendition of the facts, there is no question but that the State established possession here.

The State did not, however, prove intent to deliver beyond a reasonable doubt. Intent to deliver is rarely subject to direct proof. As here, where the defendant is not actually arrested in the midst of a drug sale, intent to deliver can be reasonably inferred where the amount of controlled substance possessed is such that it could not be viewed as designed solely for personal consumption. (*Marshall*, 165 Ill. App. 3d at 976.) In cases involving possession of lesser amounts, the inference may be raised by numerous other factors, including the combination of controlled substances in defendant's possession and the manner in which they are kept, in conjunction with the presence of drug paraphernalia, large sums of money, or weapons. *Marshall*, 165 Ill. App. 3d at 976-77. See also *People v. Banks* (1992), 227 Ill. App. 3d 950, 952-53, 592 N.E.2d 412.

Citing *People v. Hill* (1988), 169 Ill. App. 3d 901, 912-13, 524 N.E.2d 604, *appeal denied* (1988), 122 Ill. 2d 585, 530 N.E.2d 256, defendant contends that he could only be found guilty of possession. In *Hill*, the defendant was convicted of possession of more than 30 grams of cocaine, a Class X felony. The cocaine, as here, was split into numerous separate packages. This court reduced the conviction to a Class 1 felony because the State had only tested samples containing 21.9 grams of cocaine. We reasoned that where there is "a lesser included offense for possessing a smaller amount, the weight of the substances containing a drug is an essential element of a charge of possession. [Citation.] [Therefore,] [t]he weight of the substance containing the drug must *** be proved beyond a reasonable doubt." Thus, "[w]here separate bags or containers of suspected drugs are

seized, a sample from each bag or container must be conclusively tested to prove that it contains a controlled substance." *Hill*, 169 Ill. App. 3d at 911.

Here, defendant argues that under *Hill*, only the amount of heroin and cocaine conclusively tested—.62 grams of heroin and 1.09 grams of cocaine—can be attributed to him. According to defendant, this amount is consistent only with personal use. Thus, because possession is a lesser included offense of possession with intent to deliver, he is guilty only of possession. The State counters that Moses Boyd was entitled, as an expert, to offer an opinion as to the contents of the untested samples and that the weight to be given that testimony was a question for the jury. See *People v. Kaludis* (1986), 146 Ill. App. 3d 888, 497 N.E.2d 360.

Even if we agreed that only the amount conclusively tested could be attributed to defendant, *People v. Hill* is inapposite here because it applies only to possession offenses which are lesser included offenses of other possession offenses, not to possession offenses which are lesser included offenses of intent to deliver a like amount of controlled substance. Whether we attribute to defendant possession of the amount seized by officer Feeny or the amount tested by Boyd is irrelevant here. This is because the statutes at issue provide for prosecution for intent to deliver as little as one gram of cocaine (see *People v. Berry* (1990), 198 Ill. App. 3d 24, 29, 555 N.E.2d 434 (analyzing Ill. Rev. Stat. 1987, ch. 56$^1$/2, par. 1401(c)(2))), and less than one gram of heroin (Ill. Rev. Stat. 1989, ch. 56$^1$/2, par. 1401(d)). Thus, contrary to his assertion, defendant's possession of the amounts conclusively tested by Boyd can, under the law, be inconsistent with personal consumption. Conversely, even attributing to defendant possession of the amount testified to by Boyd, we are not inescapably led to the conclusion that he held the drugs for nothing other than sale to another. The central question in this case, therefore, is not which amount of drugs should be attributed to defendant. Rather, it is whether the possession of a relatively small amount of drugs, in and of itself, establishes intent to deliver beyond a reasonable doubt. We think not.

In *People v. Crenshaw* (1990), 202 Ill. App. 3d 432, 559 N.E.2d 1051, this court reduced defendant's conviction of possession with intent to deliver to simple possession due to insufficient evidence of intent to deliver. In *Crenshaw*, the State had adduced only evidence of defendant's possession of 11.2 grams of cocaine in 22 separate packets. Thus, in order to be proved guilty of intent to deliver in cases not involving overwhelming volumes, a defendant must do more than possess an amount of drugs equal to that which could be

considered solely for personal use. The rationale behind this is clear. To find an intent to deliver under circumstances like those in *Crenshaw* and here would invariably transform any possession of more than a *de minimus* amount of contraband into one involving an intent to deliver.

The minimum this court has required for the affirmance of a conviction for delivery involving small amounts of drugs is possession of the controlled substance packaged for sale, plus at least one additional factor indicative of delivery, *e.g.*, a significant amount of cash recovered from the defendant. (See *People v. Banks* (1992), 227 Ill. App. 3d 950, 952-53, 592 N.E.2d 412.) The State posits two additional factors here: first, that defendant carried a combination of drugs; second, that defendant was arrested with the drugs at the home of an infrequent acquaintance. The State argues that a rational jury could infer, particularly from the second factor, that defendant was at Gordo's home to sell the drugs. However, at least in this case, these are no more indicative of an intent to deliver than they are of mere possession. Drug users commonly mix heroin and cocaine into what is called a "speedball." (See *People v. Hrowbowski* (1991), 216 Ill. App. 3d 711, 718, 575 N.E.2d 1306, *appeal denied* (1991), 142 Ill. 2d 659, 584 N.E.2d 134.) Furthermore, defendant's presence at another's house is simply irrelevant. Indeed, it is as likely as not that defendant had just purchased the drugs. Under these circumstances, we cannot allow the convictions for intent to deliver to stand and, therefore, pursuant to Supreme Court Rule 615(b)(3) (134 Ill. 2d R. 615(b)(3)), we reduce them to the lesser included offenses of possession of a controlled substance.

Moreover, under our supreme court's decision in *People v. Manning* (1978), 71 Ill. 2d 132, 374 N.E.2d 200, only one of defendant's convictions for possession can stand. Under *Manning*, the simultaneous possession of more than one type of controlled substance constitutes a single act for which there can be but one conviction. (See *People v. Banks* (1992), 227 Ill. App. 3d 950, 954, 592 N.E.2d 412.) The State urges that because the trial court did not enter judgment on the heroin conviction, this court lacks jurisdiction to review defendant's claim. However, as the judgment indicates, two convictions have been entered here.

Given our disposition of this case, defendant's remaining claims of error are moot. This case is remanded, and the trial court is directed to vacate one of defendant's convictions and to resentence defendant in a manner consistent with this opinion.

Remanded.

CAMPBELL and BUCKLEY, JJ., concur.