THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VERNON CLEMONS, Defendant-Appellant.

First District (6th Division)   No. 1—94—3311

Opinion filed October 20, 1995.

Rita A. Fry, Public Defender, of Chicago (Robert D. Glick, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Kalina M. Tulley, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RAKOWSKI delivered the opinion of the court:

On January 24, 1994, defendant was arrested and found to be in possession of both cocaine and heroin which were located inside the same cigarette package. After a bench trial, defendant was convicted of two counts of possession with intent to deliver, one for each substance. He was sentenced to concurrent terms of $4^{1}/_{2}$ years for each offense. The sole issue on appeal is whether the trial court erred in entering multiple convictions where defendant simultaneously possessed more than one controlled substance.

In 1978, our supreme court held that the simultaneous possession of more than one type of a controlled substance constitutes a single offense for which only one sentence should be imposed. (*People v. Manning* (1978), 71 Ill. 2d 132, 374 N.E.2d 200.) Subsequent appellate court opinions have followed the rule set forth in *Manning*. See *People v. Delgado* (1993), 256 Ill. App. 3d 119, 628 N.E.2d 727; *People v. Valdez* (1992), 230 Ill. App. 3d 975, 595 N.E.2d 1245; *People v. Banks* (1992), 227 Ill. App. 3d 950, 592 N.E.2d 412; *People v. Love* (1991), 222 Ill. App. 3d 428, 584 N.E.2d 189; *People v. Vazquez* (1990), 194 Ill. App. 3d 516, 551 N.E.2d 656; *People v. Branch* (1986), 143 Ill. App. 3d 679, 493 N.E.2d 417; *People v. Whitfield* (1986), 140 Ill. App. 3d 433, 488 N.E.2d 1087; *People v. Knight* (1985), 133 Ill. App. 3d 248, 478 N.E.2d 1082; *People v. Hunter* (1984), 124 Ill. App. 3d 516, 464 N.E.2d 659; *People v. Tonaldi* (1981), 98 Ill. App. 3d 528, 424 N.E.2d 1200; *People v. Evans* (1979), 80 Ill. App. 3d 87, 398 N.E.2d 1219; *People v. Dunlap* (1978), 59 Ill. App. 3d 615, 375 N.E.2d 989.

However, effective August 20, 1995, Public Act 89—404[1] now allows multiple convictions where a defendant simultaneously possesses more than one type of controlled substance. The amendment overrules *Manning* and its progeny. The question before us, then, is which rule of law applies to defendant: *Manning* or the amendment? For the following reasons, we hold that the amendment does not apply to defendant's conviction and we therefore reverse and remand.

■ In general, and in Illinois, amendatory acts are construed to apply prospectively and not retroactively. (*People v. Stothoff* (1990), 208 Ill. App. 3d 500, 504, 567 N.E.2d 420.) Amendments may be applied retroactively but only if the legislative intent is clear and the proponent rebuts the presumption of prospectivity by showing: (1) the express language of the amendment makes it retroactive; (2) retroactivity is necessarily implied; (3) the amendment merely affects the remedy; (4) the amendment affects procedural matters rather than substantive rights (*Stothoff*, 208 Ill. App. 3d at 504; see also *Chemrex, Inc. v. Pollution Control Board* (1993), 257 Ill. App. 3d 274, 278-79, 628 N.E.2d 963; *Cooper v. Chicago Transit Authority* (1991), 224 Ill. App. 3d 321, 324, 586 N.E.2d 575); or (5) the amendment clarifies existing law. *Royal Imperial Group, Inc. v. Joseph Blumberg & Associates, Inc.* (1992), 240 Ill. App. 3d 360, 364-65, 608 N.E.2d 178.

■ Although the State concedes factors 1 through 4, it contends that number 5 is applicable in that Public Act 89—404 is a clarification of existing law. According to the State, *Manning* was not a correct interpretation of legislative intent, and the legislature has now clarified the issue. We disagree.

Clarification assumes an ambiguity or conflicting case law. Here, however, since *Manning*, the law has been clear and without exception: simultaneous possession of more than one controlled substance

---

[1]The amendment adds to "Legislative Intent" the following language:
  "However, it is recognized that persons who violate this Act with respect to the manufacture, delivery, possession with intent to deliver, or possession of more than one type of controlled substance listed herein may accordingly receive multiple convictions and sentences under each Section of this Act." (Pub. Act 89—404, eff. August 20, 1995 (amending 720 ILCS 570/100 (West 1992)).)
In addition, under section 401, the legislature added:
  "A violation of this Act with respect to each of the controlled substances listed herein constitutes a single and separate violation of this Act." Pub. Act 89—404, eff. August 20, 1995 (amending 720 ILCS 570/401 (West 1992)).

can result in only one conviction.[2] Rather than clarifying existing law, Public Act 89—404 changed existing law.

Moreover, the argument the State makes, that the legislature always intended to allow multiple convictions based on simultaneous possession, was rejected in *People v. Banks* (1992), 227 Ill. App. 3d 950, 592 N.E.2d 412. There, the court stated, "[t]he State's argument, which seeks to have separate offenses under the Act defined by the substance possessed, is more properly directed to the General Assembly, not to the appellate court." (*Banks*, 227 Ill. App. 3d at 954.) This is precisely what occurred. The matter was directed to the General Assembly, it responded by enacting Public Act 89—404 and, therefore, changed the existing state of the law.

Based on the above, we find the amendment applies prospectively only and does not apply to defendant.

In addition, if we interpret the amendment retroactively, such an interpretation would violate the separation of powers doctrine.

"The principle of separation of powers is embodied in article II, section 1, of the Illinois Constitution of 1970, which provides: 'The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another.' [Citation.] This court has observed that the General Assembly is not a court of last resort and it may not attempt to retroactively apply new statutory language to annul a prior decision of this court. (*Roth v. Yackley* (1979), 77 Ill. 2d 423[, 396 N.E.2d 520].) While the General Assembly may enact retroactive legislation which changes the effect of a prior decision of a reviewing court with respect to others whose circumstances are similar but whose rights have not been finally decided, it is axiomatic that the General Assembly may not validly enact a statute, the effect of which is to change a decision of this court which has finally adjudicated the rights of particular parties. [Citation.]" (*In re Kirchner* (1995), 164 Ill. 2d 468, 495, 649 N.E.2d 324.)

Furthermore, "While the General Assembly can pass legislation to prospectively change a judicial construction of a statute if it believes that the judicial interpretation was at odds with legislative intent

---

[2]*Manning* is inapplicable where a defendant receives convictions under two different statutes or two different sections of a statute such as the Cannabis Control Act and the Controlled Substance Act, or for possession of a controlled substance and for possession of a look-alike substance. *People v. Banks* (1992), 227 Ill. App. 3d 950, 592 N.E.2d 412; *People v. Morales* (1991), 221 Ill. App. 3d 13, 581 N.E.2d 730; *People v. Morrison* (1988), 178 Ill. App. 3d 76, 532 N.E.2d 1077; *People v. Watkins* (1988), 172 Ill. App. 3d 168, 526 N.E.2d 448; *People v. Tovar* (1988), 169 Ill. App. 3d 986, 523 N.E.2d 1178.

[citation], it cannot effect a change in that construction by a later declaration of what it had originally intended (*People v. Rink* (1983), 97 Ill. 2d 533, 541)." *Bates v. Board of Education, Allendale Community Consolidated School District No. 17* (1990), 136 Ill. 2d 260, 267, 555 N.E.2d 1.

These principles clearly apply here. The legislature cannot now say it meant to allow multiple convictions all along simply by amending the statute. This is true particularly in light of the numerous decisions rendered since *Manning* which upheld and followed the law established in that case.

For the foregoing reasons, the case is remanded and the trial court is directed to vacate one of defendant's convictions and to resentence defendant in a manner consistent with this opinion.

Reversed and remanded with directions.

McNAMARA, P.J., and EGAN, J., concur.