THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREGORY HOLMES, Defendant-Appellant.

Second District   No. 2—96—1062

Opinion filed October 31, 1997.

Peter A. Savitski, of Rockford, for appellant.

Douglas P. Floski, State's Attorney, of Oregon (Martin P. Moltz and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Gregory Holmes, appeals his convictions of driving

under the influence of alcohol (625 ILCS 5/11—501(a)(2) (West 1994)) and improper lane usage (625 ILCS 5/11—709(a) (West 1994)). Defendant argues that his convictions must be reversed and the cause remanded for a new trial because the trial court erred in refusing to (1) permit defendant to offer evidence that venue was improper; and (2) instruct the jury regarding the State's burden of proving venue.

In order to resolve the issues raised in this appeal, we must determine whether Public Act 89—288 (Act), effective August 11, 1995 (amending 720 ILCS 5/1—6(a) (West 1996) and adding 725 ILCS 5/114—1(d—5) (West 1996)) should apply retroactively to relieve the State of the burden of proving venue during the trials of crimes that were committed before the effective date of the Act, but were tried afterwards. After reviewing previous cases, the Act, and its legislative history, we conclude that the Act has no retroactive effect.

At trial, Dirk Heide testified that, on June 24, 1995, he was near the intersection of Kishwaukee and Meridian Roads at the border of Ogle and Winnebago Counties. While there, he saw a car, with at least one flat tire, off the right side of the road. When he approached the car, he saw defendant standing beside the car. After talking with defendant for a short time, Heide went to a nearby house and phoned the police.

David Smyth, defendant's friend, testified that defendant had been at Smyth's home sometime around 9:30 or 10 during the evening in question. Smyth also testified that, although defendant did not smell of alcohol, Smyth could tell that defendant had consumed a few drinks. Smyth added that he had called defendant's wife and asked if defendant could stay with him for the night.

Officer Rodney Smith, a deputy with the Ogle County sheriff's department, testified that, on the night in question, he received a call at about 11:30 p.m. regarding an accident at Kishwaukee and Meridian Roads. Officer Smith testified that defendant had bloodshot eyes and slurred speech, staggered when he walked, and failed the field sobriety tests Officer Smith administered. Officer Smith arrested defendant for driving under the influence of alcohol.

Defendant presented no evidence but sought, instead, to establish through cross-examination that the crime, if any, occurred in Winnebago County rather than Ogle County. Defendant first attempted to raise this subject while cross-examining Greg Kunce, a deputy with the Ogle County sheriff's department and a volunteer firefighter. The prosecutor objected when defendant's attorney began to question Kunce about the boundary between Ogle and Winnebago Counties. The trial court sustained the objection and indicated that it would entertain argument about the question during a recess. After hear-

ing argument and considering the question during the lunch recess, the trial court reaffirmed its ruling that it would not permit defendant to present evidence regarding whether the car was in Ogle County or Winnebago County. In so holding, the court explained:

"[T]his new revision relating to venue [Public Act 89—288] *** does apply to this case, and *** venue isn't an element that the [S]tate has to prove in this case because I believe that this new section applies to this case and I believe that it applies to this case because I believe that the section is procedural rather than substantive and therefore has a retrospective application. Defendant's not losing any substantive right, its just setting forth a different procedure for raising an issue relative to venue ***."

After the court issued its ruling, the defense attorney explained, in an offer of proof, that he had planned to elicit testimony from Kunce that defendant's car was found in Winnebago County. Defendant's attorney further explained that he was going to pursue a similar line of questioning with Officer Smith, who had previously testified that the car had been found in Winnebago County and that no one had seen it being driven in Ogle County. The court acknowledged defense counsel's offer and reiterated that it was not going to permit the evidence.

Thereafter, employing similar reasoning, the trial court rejected defendant's proposed instructions dealing with venue (see Illinois Pattern Jury Instructions, Criminal, Nos. 2.07, 2.08 (3d ed. 1992) (hereinafter IPI Criminal 3d)). The jury found defendant guilty of both driving under the influence and improper lane usage. The trial court denied defendant's motion for a new trial, sentenced him to one year of probation, and imposed a $500 fine. Defendant filed a timely notice of appeal.

On appeal, defendant argues that the trial court erred in prohibiting him from challenging the State's ability to prove venue. Defendant contends that Public Act 89—288 does not apply in this action and that, under the law as it existed at the time of the offense, the State was required to prove, as part of its case in chief, that the offense occurred in Ogle County. We agree.

■ The supreme court has previously held that "venue is a material allegation which must be proved beyond a reasonable doubt along with the other elements of an offense." *People v. Hagan*, 145 Ill. 2d 287, 300 (1991). The State does not contest this holding. Instead, it argues that Public Act 89—288 removed this requirement.

Public Act 89—288 amended section 1—6(a) of the Criminal Code of 1961 (720 ILCS 5/1—6(a) (West 1996)) by adding the following language:

"The State is not required to prove during trial that the alleged offense occurred in any particular county in this State. When a defendant contests the place of trial under this Section, all proceedings regarding this issue shall be conducted under Section 114—1 of the Code of Criminal Procedure of 1963." Pub. Act 89—288, eff. August 11, 1995.

Defendant does not contest the fact that Public Act 89—288 relieves the State of proving venue. Defendant argues only that the Act did not become effective until August 11, 1995. Defendant contends that, therefore, the State is relieved of the burden of proving venue only in cases involving criminal acts committed on or after August 11, 1995. Since defendant was arrested more than a month before the law became effective, he concludes that the State was required to prove venue. The State argues that the amendment applies retroactively.

■ Generally, amendments apply prospectively rather than retroactively. *People v. Clemons*, 275 Ill. App. 3d 1117, 1119 (1995). Amendments apply retroactively only if

"the legislative intent is clear and the proponent rebuts the presumption of prospectivity by showing: (1) the express language of the amendment makes it retroactive; (2) the retroactivity is necessarily implied; (3) the amendment merely affects the remedy; (4) the amendment affects procedural matters rather than substantive rights [citations]; or (5) the amendment clarifies existing law." *Clemons*, 275 Ill. App. 3d at 1119.

Here, the State argues that elements four and five apply.

■ We first address the State's argument that the amendment only clarified existing law. In support of this argument, the State explains that the amendment specifically states that venue need not be proved at trial. The State further explains that nothing in the previous language of the statute required venue to be proved. Therefore, the State concludes, "the new language expresses the legislature's intent to clarify what has always been the correct view of the law."

The obvious flaw in the State's argument is that "[c]larification assumes an ambiguity or conflicting case law." *Clemons*, 275 Ill. App. 3d at 1119. Here, the law is far from ambiguous. The supreme court has long held that venue is a material allegation which must be proved beyond a reasonable doubt along with the other elements of an offense. *People v. Adams*, 161 Ill. 2d 333, 341 (1994).

Notwithstanding these facts, the State argues that the Act's legislative history supports the conclusion that the Act merely clarified existing law. In particular, the State relies upon the following statement by Representative Durkin:

"Venue is not an element and I believe that if you look through Chapter 38 and you see the definition of any crime, Representative, venue is not incorporated in ... when the elements of every charge is [*sic*] set out. *** [V]enue has never been an element of a charge. It's never been an element of proving First Degree Murder or Aggravated Criminal Sexual Assault." 89th Ill. Gen. Assem., House Proceedings, April 7, 1995, at 12 (statements of Representative Durkin).

We believe that the State reads Representative Durkin's statements much more broadly than they were intended. Clearly, Representative Durkin could not mean that the State had no obligation to prove venue at trial; the supreme court has unambiguously held that the opposite is true. Representative Durkin's comments were directed towards the fact that the Criminal Code of 1961 (720 ILCS 5/1—1 *et seq.* (West 1996)) does not indicate that venue is an element of the offense. A thorough reading of all of Representative Durkin's comments reveals his knowledge of the current state of the law and his desire to change the law to reflect the view proposed by Justice Miller's concurring opinion in *Adams*. In that opinion, Justice Miller noted that the majority treated venue as an element of the offense when venue should, instead, be treated as a procedural right which a defendant must assert in a pretrial proceeding. *Adams*, 161 Ill. 2d at 351, 353-54 (Miller, J., concurring).

Representative Durkin's desire to change the existing law is demonstrated numerous times during the debates. For instance, Representative Durkin recognized the current state of the law during a dialog with Representative Dart. During this dialog, Representative Durkin acknowledged that, under the current law, the State was required to prove venue. 89th Ill. Gen. Assem., House Proceedings, April 18, 1995, at 7 (statements of Representatives Durkin and Dart). Representative Durkin also explained: "This bill *** basically states that the [S]tate is no longer required to prove during a trial that the alleged offense occurred in any particular county in the state. *** This Bill would eliminate *** venue as an element of [the] offense." 89th Ill. Gen. Assem., House Proceedings, April 18, 1995, at 5-6 (statements of Representative Durkin).

Finally, Representative Durkin noted the similarity between the Act and Justice Miller's opinion when the representative stated:

"I would state that, this is a good Bill. What it does is it eliminates the element of venue from any prosecution[']s case [in] chief. I would [cite] that present Chief Justice Ben Miller ... in the opinion of [P]eople vs. Adams, concurred with that. He stated that *** venue *** no longer should be *** regarded as a material fact

in every prosecution, and it no longer needs to be established in a trial by proof beyond a [reasonable] doubt. The setting which we have established in the Bill, is spelled out in his opinion." 89th Ill. Gen. Assem., House Proceedings, April 18, 1995, at 12 (statements of Representative Durkin).

See also 89th Ill. Gen. Assem., House Proceedings, April 18, 1995, at 6 (Representative Durkin's comments that the bill is consistent with Justice Miller's concurring opinion in *Adams*).

Once Representative Durkin's comments are viewed *in toto*, one can easily recognize that Representative Durkin acknowledged the law as pronounced in *Adams* and *Hagan* and believed that the more appropriate approach would be to change the law to follow Justice Miller's concurring opinion in *Adams*.

Because the clear effect of Public Act 89—288 was to change the law and eliminate venue as an element of the offense, we cannot reasonably conclude that the Act was merely a clarification of existing law.

We must also reject the State's argument that the amendment affects only procedural, rather than substantive, rights. The State evidently concludes that, because the amendment creates a new procedure to challenge venue, the Act affects only procedural rights. Such a conclusion is erroneous.

Procedural law "involves matters relating to pleading, practice, and evidence." *People v. Fiorini*, 143 Ill. 2d 318, 333 (1991). On the other hand, "[s]ubstantive law establishes rights and duties that may be redressed through the rules of procedure." *Fiorini*, 143 Ill. 2d at 333.

Here, the clear unambiguous effect of Public Act 89—288 is that it eliminates venue as an element of the offense. 89th Ill. Gen. Assem., House Proceedings, April 18, 1995, at 6, 12 (statements of Representative Durkin); 720 ILCS 5/1—6(a) (West 1996). Moreover, it requires a defendant to address, in a pretrial proceeding, any objection to venue. 725 ILCS 5/114—1(d—5) (West 1996). In this proceeding, the defendant bears the initial burden of showing improper venue. 725 ILCS 5/114—1(d—5) (West 1996). Thereafter, the State may rebut the defendant's showing by proving, by a preponderance of the evidence, that venue is proper. 725 ILCS 5/114—1(d—5) (West 1996).

At the time defendant committed the offenses, he had a right to require the State to prove to a jury, beyond a reasonable doubt, that he committed the offenses in Ogle County. The amendment completely deprives defendant of this right and, instead, provides him only with the right of having the State prove to a judge, by a

preponderance of the evidence, that the offenses occurred in Ogle County. Clearly this change affects defendant's substantive right to demand proof of venue at trial, a right that vested at the time defendant committed the offense. Although the Act provides a procedural remedy for a defendant to challenge his place of trial, it clearly goes beyond merely affecting procedural matters and removes a material allegation from the State's burden of proof. The State does not explain and we fail to see how the removal of a material allegation from the State's burden of proof does not affect defendant's substantive rights. We must therefore conclude that the Act affects defendant's substantive rights and cannot be applied retroactively. Consequently, the trial court erred in refusing to allow defendant to challenge venue.

We note that added support for our conclusion can be found in *Adams*, where the supreme court rejected the State's claim that venue was a personal procedural right. *Adams*, 161 Ill. 2d at 341-42. In so holding, the court noted that it had recently reiterated its long-held view that venue is a material allegation which must be proved at trial. *Adams*, 161 Ill. 2d at 341. Additional support is also found in *People v. Digirolamo*, 279 Ill. App. 3d 487 (1996), where the court noted, in *dicta*, that Public Act 89—288 "affects substantive rights" and "cannot be afforded retroactive application." *Digirolamo*, 279 Ill. App. 3d at 500 n.1. Additionally, as defendant indicated to the trial court, the committee note to the venue jury instruction indicates that the venue "instruction should continue to be used in cases in which the alleged offense was committed before August 11, 1995." IPI Criminal 3d, No. 2.07, Committee Note, at 6 (3d ed. Supp. 1996).

The State counters that, even if the law applies prospectively, the trial court's decision to prohibit defendant from contesting venue amounts only to harmless error. The State argues that the evidence defendant wished to present regarding venue was limited to a determination of the location of defendant's car when it was discovered by Heide. The State contends that the resting place of defendant's car is irrelevant since the evidence indicated that defendant had been driving in Ogle County before the accident occurred.

The State styles the trial court's error as one that erroneously excluded defendant's proffered evidence. The problem with this analysis is that, while one effect of the trial court's ruling was to exclude certain evidence, the actual intent and the effect of the ruling was not to exclude certain evidence from consideration at trial, but, rather, to exclude a material element of the offense from consideration. The trial court unambiguously ruled that venue was not an issue at trial and that no evidence relating to venue would be permit-

ted. Moreover, the court's ruling prevented any argument on the issue of venue.

Contrary to the requirements of Supreme Court Rule 341(e)(7) (177 Ill. 2d R. 341(e)(7)), the State has provided us with no authority to indicate which harmless error analysis it believes applies to this situation.

This court's power to find certain errors harmless is found in Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)). This rule provides that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." 134 Ill. 2d R. 615(a). Under a traditional harmless error analysis, an error is deemed harmless if it did not prejudice the defendant. *People v. Sims*, 265 Ill. App. 3d 352, 356 (1994).

Here, we believe defendant was subject to significant prejudice. He was completely unable to contest a material allegation of the charge against him. The State makes much of the fact that it produced sufficient evidence to prove venue. In so asserting, the State ignores the fact that evidence tends to look sufficient when the opposing party is prohibited from challenging it through the introduction of contradictory evidence, cross-examination, or argument. Here, the State was permitted to present evidence of venue. Defendant, on the other hand, was completely precluded from challenging that evidence, not because he offered improper evidence, but because the trial court erroneously removed a material allegation from consideration.

The State also ignores the fact that the evidence establishing defendant's presence in Ogle County places him there $1\frac{1}{2}$ to 2 hours before the accident. Moreover, when the trial court rescinded the statutory summary suspension of defendant's driver's license because the State was unable to prove venue, the court found the location of defendant's vehicle to be significant.

In light of these facts, we conclude that the error affected defendant's substantial rights and caused him prejudice. Consequently, this cause must be remanded for a new trial.

In light of the fact that we are remanding this cause for a new trial, we need not address defendant's argument that the trial court erred in refusing to instruct the jury regarding venue.

The judgment of the circuit court of Ogle County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

GEIGER, P.J., and THOMAS, J., concur.