(No. 49571.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. RICHARD MANNING, Appellee.

*Opinion filed March 23, 1978.*

William J. Scott, Attorney General, of Springfield, and Edward Petka, State's Attorney, of Joliet (Donald B. Mackay, Melbourne A. Noel, Jr., and Kenneth A. Grnacek, Assistant Attorneys General, of Chicago, and Robert Mueller, Assistant State's Attorney, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Michael J. Pelletier, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In a jury trial in the circuit court of Will County, defendant, Richard Manning, was convicted of one count of burglary (Ill. Rev. Stat. 1973, ch. 38, par. 19–1(a)) and two counts of possession of controlled substances (Ill. Rev. Stat. 1973, ch. 56½, par. 1402(a)(5) (barbituric acid); par. 1402(a)(6) (amphetamine)). He was sentenced to concurrent terms of not less than four nor more than eight years on each of the convictions for possession and not less than one year nor more than five years for the burglary. The appellate court affirmed the judgment of conviction for unlawful possession of amphetamine, but vacated the convictions for burglary and possession of barbituric acid. (46 Ill. App. 3d 877.) We allowed the People's petition for leave to appeal.

Officers of the Joliet Police Department, responding to a call concerning a possible burglary in progress, arrested defendant inside a drug store. When searched, he was found to be in possession of an assortment of pharmaceutical pills and capsules, later determined to include 343.8 grams of amphetamines and 240.3 grams of barbiturates.

The opinion of the appellate court was filed prior to our decision in *People v. King* (1977), 66 Ill. 2d 551. Although contending that they were closely related, defendant concedes that the acts of burglary and possession of controlled substances were separate acts and that burglary is not a lesser included offense of possession of a controlled substance. *People v. King* is clearly applicable, and accordingly that portion of the appellate court judgment vacating the conviction for burglary is reversed.

The People contend that the appellate court erred in vacating the judgment of conviction on one count of possession. Citing *People v. Harris* (1972), 52 Ill. 2d 558, they argue that defendant's knowledge of the nature of the drugs in his possession can clearly be inferred from the evidence and that in knowingly possessing two types of controlled substances he committed two separate offenses of possession. It is the defendant's contention that the possession of both controlled substances arose out of a single act of possession and that the appellate court correctly vacated the judgment on the one count. Section 402 of the Illinois Controlled Substances Act in pertinent part provides:

> "Except as otherwise authorized by this Act, it is unlawful for any person knowingly to possess a controlled substance. Any person who violates this Section with respect to:
>
> (a) the following controlled substances and amounts, notwithstanding any of the provisions of subsections (b) or (c) to the contrary, is guilty of a Class 1 felony ***.
>
> \* \* \*
>
> (5) 200 grams or more of any substance containing a derivative of barbituric acid or any of the salts of a derivative of barbituric acid;
>
> (6) 200 grams or more of any substance containing amphetamine or methamphetamine or any salt of an optical isomer of amphetamine or methamphetamine; ***." Ill. Rev. Stat. 1973, ch. 56½, par. 1402(a).

The Illinois Controlled Substances Act, for the most part, contains the provisions of the Uniform Controlled Substances Act. Although this court has not previously considered the question whether under section 402 of the Controlled Substances Act the simultaneous possession of more than one of the controlled substances enumerated would constitute separate offenses, the question has been considered in other jurisdictions with similar statutes. (Holding that simultaneous possession can constitute

multiple offenses, see *Melby v. State* (1955), 70 Wis. 2d 368, 234 N.W.2d 634; *State v. Adams* (Super. Ct. Del. 1976), 364 A.2d 1237. Holding simultaneous possession to be one offense, see *State v. Homer* (1975), 22 Ore. App. 328, 538 P.2d 945; *State v. Butler* (1970), 112 N.J. Super 305, 271 A.2d 17.)

In *Braden v. United States* (8th Cir. 1920), 270 F. 441, the defendant was charged in four counts and convicted of the possession of morphine sulphate, cocaine, heroin, and smoking opium, all of which were found in one search of his residence. The Circuit Court of Appeals for the Eighth Circuit, in reversing the convictions on three of the four counts, stated: "Counsel for the United States contend that the words 'any of the aforesaid drugs,' as used in section 8, permit him to base a count upon each drug found in the possession of the defendant although the drugs were all found at the same time and place. We do not think that any such significance can be given to the word 'any.' The use of this word simply means that, if the defendant under the required circumstances should be found in possession of any of said drugs, he would be guilty. If a person steals four horses from the barn of another, all being of different color, it would not be competent to charge the thief with four different larcenies when the horses were all taken at the same time and place. Another illustration would be the larceny of articles of merchandise from a store. If twelve articles were all taken at the same time and place, we do not think it would be competent to charge the thief with twelve different larcenies." 270 F. 441, 443-44.

Also analogous are *Bell v. United States* (1954), 349 U.S. 81, 99 L. Ed. 905, 75 S. Ct. 620, and *Castle v. United States* (1961), 368 U.S. 13, 7 L. Ed. 2d 75, 82 S. Ct. 123. In *Bell* the defendant pleaded guilty to two counts charging violations of the Mann Act (18 U.S.C. sec. 2421), each referring to a different woman. The transportation

was effected in the same vehicle, on the same trip. The trial court imposed consecutive sentences and the court of appeals affirmed ((6th Cir. 1954), 213 F.2d 629). The Supreme Court reversed, stating that "if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses ***." 349 U.S. 81, 84, 99 L. Ed. 905, 910-11, 75 S. Ct. 620, 622.

In *Castle* defendant was convicted on five counts of an indictment charging the unlawful transportation of five forged money orders. The Court of Appeals, Fifth Circuit, rejecting Castle's contention that since there was a single transportation the district court erred in imposing multiple sentences, affirmed. (287 F.2d 657.) The Supreme Court, citing *Bell,* reversed on the ground that there was a single transportation and a single offense. 368 U.S. 13, 7 L. Ed. 2d 75, 82 S. Ct. 123.

In *People v. Scott* (1969), 43 Ill. 2d 135, defendant appealed from the denial of his petition filed pursuant to the Post-Conviction Hearing Act. He had been convicted and sentenced, *inter alia,* for three counts of burglary arising out of the same occurrence, but charging that the burglary was committed with the intent to commit three separate crimes. In vacating two of the sentences imposed on the burglary counts, the court said: "The primary concern in a burglary indictment is with the unlawful entry. (*People v. Peck,* 29 Ill. 2d 480, 484.) In the present case there was but one unlawful entry and the fact that the defendant might have intended to commit several crimes if the opportunity presented itself, does not justify conviction of and sentence for 3 separate crimes." 43 Ill. 2d 135, 144.

In *People v. Cox* (1972), 53 Ill. 2d 101, the defendant had pleaded guilty to two counts of an information charging indecent liberties with a child. The charge arose out of an occurrence in which the defendant committed an

act of intercourse and then an act involving oral-genital contact with an 8-year-old girl. On appeal from the denial of his petition filed under the Post-Conviction Hearing Act, in vacating the judgment and sentence entered on one count, the court held that the offenses arose from a single transaction and were based upon two acts almost simultaneous in time, involving a single victim, each of which acts was one of the three proscribed by the statute. Citing *Bell* and *Castle,* the court said, "In our opinion, in the absence of a statutory provision to the contrary the conduct here constituted a single offense and only one sentence should be imposed." 53 Ill. 2d 101, 106.

We find apposite the following language from *Bell v. United States*: "When Congress has the will it has no difficulty in expressing it—when it has the will, that is, of defining what it desires to make the unit of prosecution and, more particularly, to make each stick in a faggot a single criminal unit. When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity." (349 U.S. 81, 83, 99 L. Ed. 905, 910, 75 S. Ct. 620, 622.) In our opinion, in the absence of a statutory provision to the contrary, the simultaneous possession of more than one type of controlled substance, under the circumstances shown on this record, constituted a single offense, and only one sentence should have been imposed.

For the reasons stated, the judgment of the appellate court vacating the sentence imposed for the offense of burglary is reversed and otherwise the judgment is affirmed. The judgment of the circuit court of Will County is affirmed with respect to the offenses of burglary and possession of amphetamine; it is reversed with respect to the conviction for possession of barbituric acid.

*Appellate court affirmed in part and reversed in part; circuit court affirmed in part and reversed in part.*