THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
MICHAEL BAKER, Defendant-Appellee.

Fourth District   No. 15561

Opinion filed November 9, 1979.

Richard M. Baner, State's Attorney, of Eureka (Marc D. Towler and Gary J. Anderson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Harrod & Harrod, of Eureka (Samuel G. Harrod and Daniel M. Harrod, of counsel), for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

The prosecution appeals from the order of the trial court granting defendant's motion to dismiss and discharge the defendant upon his indictment for unlawful possession of a controlled substance (Ill. Rev. Stat. 1975, ch. 56½, par. 1402).

Defendant was arrested on October 5, 1978. As a result of a search incident to arrest, defendant was charged on October 6, 1978, with illegal transportation of liquor, and on October 23, 1978, he was charged with unlawful possession of cannabis. On October 27, 1978, defendant pleaded guilty to those charges and sentences were imposed.

At the time of the described search, certain pills were found. On March 1, 1979, defendant was indicted for unlawful possession of a controlled substance (Ill. Rev. Stat. 1977, ch. 56½, par. 1402).

Upon the stated chronology, the motion to dismiss alleged that each

offense was known to the State's Attorney at the commencement of prosecution, that each offense was within the jurisdiction of a single court and that defendant could have been charged with the offense in the prior prosecution with the result that the prosecution was barred by reasons of the provisions of section 3—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—3). That section provides:

"(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act.

(c) * * *."

The trial court heard evidence upon the motion and filed a memorandum which included the statement:

"This court concludes that §3—3 mandates the filing and prosecution of the illegal transportation of liquor, possession of cannabis, and possession of controlled substances charges together in a single prosecution because all three charges were within the jurisdiction of the Circuit Court of Woodford County and all arose from a single, indivisible course of conduct or activity, provided that the three offenses are known to the State's Attorney of Woodford County on October 6, 1978, when the illegal transportation of liquor charge was filed or at the latest by October 23, 1978 when the possession of cannabis charge was filed."

The trial court noted his consideration of the opinion in *People v. Manning* (1978), 71 Ill. 2d 132, 374 N.E.2d 200. In *Manning*, defendant was convicted upon separate counts of possession of different controlled substances at the time of his arrest. Defendant argued in the reviewing court that there was but "a single act of possession" arising from the possession of the separate controlled substances. The issue there was whether it was proper to convict and sentence upon each count of possession. After reviewing the authorities, the supreme court stated:

"In our opinion, in the absence of a statutory provision to the contrary, the simultaneous possession of more than one type of controlled substance, under the circumstances shown on this record, constituted a single offense, and only one sentence should have been imposed." 71 Ill. 2d 132, 137, 374 N.E.2d 200, 202.

The prosecution argues that *Manning* should be distinguished for the reason that cannabis is not denominated a controlled substance and that this case does not concern the construction of the Controlled Substances

Act. It is argued that the trial court should be reversed upon the authority of *People v. Dunlap* (1978), 59 Ill. App. 3d 615, 375 N.E.2d 989. There defendant was convicted of possession: count I—amphetamines; count II—lysergic acid diethylamide, and count III—cannabis. The reviewing court reversed the conviction for possession of amphetamines upon the authority of *Manning*, holding that the simultaneous possession of several controlled substances constitutes but a single offense. It is contended that *Dunlap* distinguishes a controlled substance from cannabis so that *Manning* does not actually support the trial court's order.

*Manning* cites *Braden v. United States* (8th Cir. 1920), 270 F. 441, where four different types of narcotics were seized under a search warrant and *Castle v. United States* (1961), 368 U.S. 13, 7 L. Ed. 2d 75, 82 S. Ct. 123, where five forged money orders were transported at one time. In each instance, the cited authorities concluded that there was but a single act. Implicit in the *Manning* rationale is the determination that the "simultaneous possession" constituted but a single act, and as such comes within the statutory mandates of section 3—3(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—3(b)) requiring compulsory joinder. The trial court was not called upon to determine that the possession of the controlled substance, as charged here, was not a separate offense, but rather determined that there was but a single act of possession within the statute concerning compulsory joinder.

We agree with the trial court's conclusion that the evidence shows that the defendant's possession of a controlled substance was "known to the proper prosecuting officer at the time of commencing the prosecution" within the requirements of section 3—3(b) of the Criminal Code of 1961 (Ill. Rev. Stat 1977, ch. 38, par. 3—3(b)).

The order of the trial court is affirmed.

Affirmed.

CRAVEN and MILLS, JJ., concur.