THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN WATKINS, Defendant-Appellant.

First District (4th Division)   Nos. 85—0461, 86—2213 cons.

Opinion filed June 23, 1988.

Steven Clark and Joan S. Colen, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Sharon K. Bachert-Bedford and John Gasiorowski, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McMORROW delivered the opinion of the court:

After a jury trial, defendant, John Watkins, was convicted of possession, with intent to deliver, of a controlled substance in violation of section 401(c) of the Illinois Controlled Substances Act (Act) (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(c)) and of possession, with intent to distribute, of a look-alike substance in violation of section 404(b) of that act (Ill. Rev. Stat. 1985, ch. 56½, par. 1404(b)). He was sentenced to concurrent terms of eight and five years, respectively. The sole issue on appeal is whether the simultaneous possession of a look-alike substance and a controlled substance constitutes a single act entitling defendant to the vacation of the less serious offense. We affirm the convictions for both concurrent possessions.

On May 31, 1983, several police officers arrived at an apartment in Chicago to execute a search warrant to conduct a search for controlled substances. To insure that the drug supply remained on the premises, the officers, prior to execution of the search warrant, made a drug purchase through burglar gates which guarded the apartment door. Defendant and codefendant, J. C. Clark, were observed inside of the apartment when the door opened. Defendants were asked by the officers if they could purchase "two dime bags," meaning $20 worth of heroin in two tinfoil packets. In response, defendant, Watkins, took two tinfoil packets from a plastic bag which contained numerous tinfoil packets and small knotted plastic bags. Defendant and his codefendant gave the two packets to the officers in exchange for two $10 bills. The officers then announced their office and the existence of the search warrant. Defendant tried to close the door, but one of the officers prevented being locked out by lodging a flashlight between the door and the jam.

As the officers broke through the burglar gates, they heard flushing noises coming from the apartment's bathroom, and one of the officers observed defendant emerge from the bathroom. That officer held defendant against the wall with one hand and retrieved a plastic bag from the toilet bowl with his other hand. The retrieved bag contained 35 knotted plastic bags containing white powder and 10 tinfoil packets containing tan powder. The 35 bags of white powder had total weight of 13.48 grams. The contents of four of these bags were chemically tested and found to be cocaine. The tan powder in the two tinfoil packets sold to the officer was chemically tested and determined not to be a controlled substance but rather a powder that looked like a controlled substance.

Defendant contends that pursuant to the holding of the Illinois Supreme Court in *People v. Manning* (1978), 71 Ill. 2d 132, 374 N.E.2d 200, the simultaneous possession of a look-alike and a controlled substance constitutes a single act and that his conviction of the less serious offense must be vacated. We disagree.

■ Prejudice results to a defendant in cases involving multiple convictions if more than one offense is carved from one physical act.[1] (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838; *People v. Partee* (1987), 157 Ill. App. 3d 231, 269, 511 N.E.2d 1165.) The defendant in *People v. Manning* was found guilty of simultaneously possessing two different controlled substances in violation of section 402 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1402). Since the legislature had not provided for the imposition of multiple penalties for simultaneous violations of the single statutory provision, the Illinois Supreme Court held that two penalties could not be imposed. The court reasoned that unless the legislature explicitly defines " 'what it desires to make the unit of prosecution,' " the ambiguity will be resolved in favor of lenity. *Manning,* 71 Ill. 2d at 137, 374 N.E.2d at 202, quoting *Bell v. United States* (1954), 349 U.S. 81, 83, 99 L. Ed. 905, 910, 75 S. Ct. 620, 622.

In contrast with *Manning,* the defendant here was found guilty of two entirely separate statutory offenses. The knowing possession of cocaine, a controlled substance, with the intent to deliver it is a Class 2 felony punishable by imprisonment of three to seven years. (See Ill. Rev. Stat. 1985, ch. 56½, 1401(c); Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1.) The knowing possession of a look-alike sub-

---

[1]While "possession is not, strictly speaking, an act (bodily movement)," the conscious physical control of a thing is legally sufficient to constitute an act. 1 W. LaFave & A. Scott, Substantive Criminal Law §3.2(e) (1986).

stance with intent to distribute it is a Class 3 felony, punishable by imprisonment of two to five years. (See Ill. Rev. Stat. 1985, ch. 56½, par. 1404(b); Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1.) A look-alike substance is one which in appearance is like a controlled substance and which is represented to be a controlled substance, but which is not in fact a controlled substance. (Ill. Rev. Stat. 1985, ch. 56½, par. 1102(y).) It is not disputed that the brown powder sold in the case at bar was represented to be heroin, a controlled substance.

■ Because look-alike substances, composed of a wide variety of ingredients, " 'create additional serious health hazards when the manner of [their] administration or ingestion parallels that usually associated with the substances being imitated,' " the legislature created a " 'penalty provision distinct from that applicable to controlled substances based upon different types of harm stemming from the distribution of look-alike drugs.' " *People v. Upton* (1986), 114 Ill. 2d 362, 371, 500 N.E.2d 943, 947, quoting 1982 Ill. Laws 2368, Preamble to Pub. Act 82—968, amending the Illinois Controlled Substances Act; 82d Ill. Gen. Assem., House Debates, May 18, 1982, at 123-24.

■ Since the Illinois legislature proscribed the possession of a controlled substance with intent to deliver and the possession of a look-alike substance with the intent to distribute in separate and distinct sections of the Illinois Controlled Substances Act, we conclude that the legislature sufficiently enunciated its intent to make each offense a separate unit of prosecution. Accordingly, we hold that the separate convictions and concurrent sentences were proper.

Defendant relies on *People v. Baker* (1979), 77 Ill. App. 3d 943, 397 N.E.2d 164, in which the court held that simultaneous possession of cannabis and a controlled substance constituted the same offense for purposes of compulsory joinder. We find *Baker* distinguishable. In *Baker*, the State prosecuted the defendant in two criminal proceedings. Although both items were found in the same search, defendant was prosecuted separately for the possession of cannabis and for the possession of a controlled substance. The appellate court affirmed the trial court's dismissal of the second prosecution on the ground that when the same conduct gives rise to more than one offense and the several offenses are known to the prosecutor, they must be prosecuted in a single action. (See Ill. Rev. Stat. 1977, ch. 38, par. 3—3.) Because the compulsory joinder issue present in *Baker* implicates double jeopardy concerns not present here, we find *Baker* inapplicable. See generally *Blockburger v. United States* (1932), 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180; *Commonwealth v. Bostic* (1983), 500 Pa. 345, 456 A.2d 1320.

172

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.