# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Hunter*, 2012 IL App (1st) 092681

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DEWAYNE HUNTER, Defendant-Appellee. |
| District & No. | First District, Sixth Division<br>Docket No. 1-09-2681 |
| Filed | February 24, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant was arrested and charged by information with constructive possession of cannabis with intent to deliver, the compulsory joinder statute required that the five additional weapons offenses that arose from defendant's alleged constructive possession of handguns recovered simultaneously with the cannabis be joined with the cannabis charge, and when an indictment charging defendant with cannabis possession and the five gun-related offenses was obtained more than 160 days later, the trial court properly held that the new and additional weapons charges were filed after the speedy trial term applicable to defendant, who had been released on bond, and dismissed those charges, but since the speedy trial term as to the cannabis charge was tolled, that prosecution could proceed. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CR-5911; the Hon. Joseph M. Claps, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Veronica Calderon Malavia, and Tasha-Marie Kelly, Assistant State's Attorneys, of counsel), for the People. |
|---|---|
| | Michael J. Pelletier, Alan D. Goldberg, and Suzan-Amanda Ingram, all of State Appellate Defender's Office, of Chicago, for appellee. |
| Panel | PRESIDING JUSTICE GARCIA delivered the judgment of the court, with opinion. |
| | Justices McBride and R. Gordon concurred in the judgment and opinion. |

## OPINION

¶ 1     The State appeals the circuit court's dismissal of five of six counts of an indictment filed against the out-of-custody defendant Dewayne Hunter. The State originally charged the defendant by information with a single count of possession of cannabis with intent to deliver; the defendant demanded trial and more than 160 days later, the State obtained an indictment, charging the defendant with the cannabis charge and five new, gun-related offenses. The circuit court ruled the five added counts were subject to compulsory joinder with the original cannabis charge. Premised on this ruling, the court held the new and additional charges that were filed after the speedy trial term elapsed were subject to dismissal. However, because the defendant tolled the speedy trial term on the original charge of possession of cannabis with intent to deliver, the State could proceed with the prosecution of that offense.

¶ 2     On *de novo* review, we conclude that the cannabis charge and the new gun-related offenses were required to be prosecuted in a single prosecution because the cannabis charge and the gun-related charges were based on the same act of constructive possession of the cannabis and the handguns, which the police recovered following the defendant's detention. Under the compulsory joinder-speedy trial rule established by this court in *People v. Williams*, 94 Ill. App. 3d 241 (1981), the State had 160 days to file the new and additional, gun-related charges against the defendant following his arrest. Once that period elapsed, the protection afforded the defendant under the speedy trial provision barred the State from prosecuting the later-filed, gun-related charges. We affirm.

¶ 3                              BACKGROUND

¶ 4     On October 5, 2008, police officers observed the defendant conducting an apparent drug deal using the vestibule of a building on the 4000 block of West Van Buren Street in Chicago. The officers recovered 10.6 grams of cannabis and one loaded handgun from the

vestibule near the defendant. The officers also recovered a second loaded handgun from a staircase in the vestibule, about five feet from where the cannabis and first handgun were recovered. The defendant and two codefendants were arrested and charged with the cannabis possession only.

¶ 5 On the day following his arrest, the defendant appeared in bond court where he entered a written demand for trial. The case was continued from October 6 to October 29 for a probable cause hearing. On October 29, the case was continued to November 13 on the defendant's motion to retain private counsel.

¶ 6 On November 13, 2008, the preliminary examination judge found probable cause. The defendant was formally charged by information with a single offense of possession of cannabis with intent to deliver. The defendant again filed a written demand for trial. The matter was placed on the trial call, and various continuances were granted with the defendant's agreement.

¶ 7 On March 23, 2009, the State announced its intention to indict the defendant on additional charges. On March 30, 2009, day 176 following the defendant's arrest, the grand jury returned an indictment charging the defendant with six offenses: the original charge of possession of cannabis with intent to deliver (720 ILCS 550/5(c) (West 2008)), four charges of unlawful use of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2008)), and a single charge of armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2008)).

¶ 8 On April 17, 2009, the defendant filed a motion to dismiss the new charges against him, arguing that the compulsory joinder statute (720 ILCS 5/3-3(b) (West 2006)) required the State to charge the defendant with the new and additional gun-related offenses with the original cannabis charge. He asserted that the State's failure to comply with the compulsory joinder statute violated his statutory right to a speedy trial under section 103-5 of the Code of Criminal Procedure of 1963 (725 ILCS 5/103-5(b) (West 2006)) regarding the new and additional charges. In support, his motion quoted *People v. Williams*, 94 Ill. App. 3d 241, 248-49 (1981): "Where new and additional charges arise from the same facts as did the original charges and the State had knowledge of these facts at the commencement of the prosecution, the time within which trial is to begin *** is subject to the same statutory limitation that is applied to the original charges." The defendant argued that the speedy trial term applicable to the weapon charges commenced with his arrest on the cannabis charge. Pursuant to *Williams*, the tolling of the speedy trial term on the possession of cannabis with intent to deliver charge did not toll the speedy trial terms for the new and additional charges. "Continuances obtained in connection with the trial of the original charges cannot be attributed to defendants with respect to the new and additional charges because these new and additional charges were not before the court when those continuances were obtained." *Id.* Thus, the speedy trial term expired as to the added charges before the return of the new indictment on March 30, 2009. However, the speedy trial term did not expire on the charge of possession of cannabis with intent to deliver because the term tolled when continuances were granted at the defendant's request or with his agreement while only that charge was pending.

¶ 9 The State countered that it was only required to join charges that stemmed from the same

"act" under the compulsory joinder statute. The State argued that it was unreasonable to conclude that the act of possessing a handgun was the same act as possessing cannabis.

¶ 10    On April 26, 2010, the circuit court issued its ruling:

> "I've read the cases. I wonder if the concept of compulsory joinder could have been explained in a more understanding way by the appellate court and the supreme court. It still is what it is.
>
> As far as I can tell, the crimes in addition to the ones filed on 08 CR 21965 [the initial cannabis charge] should have been joined at the time the case was originally filed. They filed these charges in excess of 160 days which I find were done and the parties don't dispute it.
>
> It will not be allowed under state law, so the motion to dismiss is granted."

¶ 11    The circuit court denied the State's motion to reconsider. The State brought this appeal pursuant to Illinois Supreme Court Rule 604(a)(1) (eff. July 1, 2006).

¶ 12                                ANALYSIS

¶ 13    The parties agree that the only issue before us is whether the defendant's alleged possession of the cannabis and possession of the recovered handguns were "based on the same act" under the compulsory joinder statute (720 ILCS 5/3-3(b) (West 2008)). As to this narrow issue, the defendant argues that possession of the cannabis and the handguns was based on the same criminal act because his alleged possession was constructive and simultaneous. The State counters that the act of possessing the cannabis and the act of possessing the handguns provide the foundation to charge entirely different offenses with different elements; therefore the charged offenses involved separate acts. With different acts involved, joinder of the offenses was permissive, not compulsory.

¶ 14    We agree with the parties that our review of the circuit court's dismissal order is *de novo*. The facts are not in dispute; the only question is whether the court correctly applied the statute in question. *People v. Woodrum*, 223 Ill. 2d 286, 300 (2006).

¶ 15    In the instant case, only if the cannabis charge and the gun-related charges, the six counts in the March 30, 2009 indictment, were "based on the same act" was the State required to prosecute those charges "in a single prosecution" as section 3-3(b) of the Criminal Code of 1961 directs. 720 ILCS 5/3-3(b) (West 2008). If so, the State violated the out-of-custody defendant's speedy trial rights because more than 160 days elapsed before the new and additional charges were filed. If the six offenses were not subject to *compulsory* joinder because different acts were involved and the prosecution merely *elected* to join the prosecution of offenses, the *Williams* rule does not apply. *People v. Gooden*, 189 Ill. 2d 209, 222 (2000) ("we hold that where the State chooses to join new charges after the filing of the original charges, the *Williams* rule is inapplicable").

¶ 16    In *Gooden*, the defendant was convicted of home invasion (720 ILCS 5/12-11 (West 1996)) and aggravated criminal sexual assault (720 ILCS 5/12-14(a)(1) (West 1996)). *Gooden*, 189 Ill. 2d at 212. Defendant Gooden was originally charged only "with one count of home invasion." *Id.* The home invasion charge alleged that Gooden "knowingly entered

the dwelling of the victim, his ex-wife, without authority and had intentionally caused injury to the victim by striking her in the head with a gun." *Id.* The defendant was arrested on December 21, 1995, and was unable to post bail. At the preliminary hearing, an investigator testified to the information the victim conveyed at an interview "shortly after the occurrence." *Id.* The victim related that her ex-husband was armed with a shotgun when he gained entry to her home. *Id.* The victim and Gooden spent time in the kitchen when the defendant asked for something to drink. *Id.* at 213. They then returned to the dining room "and tried to converse once more." *Id.* While in the dining room, the defendant placed the shotgun on the floor and offered to take the victim to the hospital to receive medical attention for the injuries he caused her by striking her with the butt of the shotgun and his hands and fists. *Id.* The defendant changed his mind about taking her to the hospital. *Id.* Instead, while armed with a knife, the defendant forced the victim into the bedroom where he "performed an act of intercourse on her." *Id.* "According to the investigator, the victim had admitted to him that she had sexual relations with another man earlier on the day in question." *Id.* The bed sheets were sent to the crime laboratory for DNA testing, which was not completed until June 1996. *Id.* at 214-15. On July 26, 1996, more than 120 days after the defendant's arrest, the State filed an amended information, containing "the original home invasion charge as well as five additional charges of aggravated criminal sexual assault." *Id.* at 214. In response to the defendant's motion to dismiss the criminal sexual assault charges on speedy trial grounds, the "State maintained the 120-day period did not apply to the criminal sexual assault charges because those charges were based on separate acts from the original home invasion charge." *Id.* at 214. The circuit court agreed and denied the motion; the appellate court affirmed (*People v. Gooden*, 296 Ill. App. 3d 205 (1998)).

¶ 17        The supreme court concluded that "because the home invasion and the sexual assault charges in this case were based on separate acts, the compulsory joinder statute did not require the State to prosecute both offenses in the same proceeding." *Gooden*, 189 Ill. 2d at 220. At oral argument, the defendant admitted that the offenses were based on different acts, but argued "that a piecemeal prosecution of defendant would have been unfair." *Id.* The supreme court disagreed: " '[t]here is no fundamental unfairness in prosecuting a defendant in separate trials for similar statutory violations based on separate and distinct acts.' " *Id.* (quoting *People v. Thomann*, 197 Ill. App. 3d 516, 521 (1990)). Given that the sexual assault charges were not subject to compulsory joinder with the home invasion charge, the defendant's speedy trial rights on those offenses were not violated because defendant "faced the prospect of being tried on the sexual assault charges sometime in the future." *Id.* at 222. The court then issued its holding: "[W]e hold that where the State chooses to join new charges after the filing of the original charges, the *Williams* rule is inapplicable." *Id.*

¶ 18        Three justices dissented from this holding. Chief Justice Harrison wrote that "the majority's refusal to apply the *Williams* rule to cases where compulsory joinder is not required is, in reality, a rejection of the decision in *Williams*." *Id.* at 225 (Harrison, C.J., concurring in part and dissenting in part, joined by Heiple and Rathje, JJ.). The dissent observed that "*Williams* itself is not a case where compulsory joinder was involved." *Id.* *Williams* involved defendants that committed, "in sequence, an unlawful restraint, a kidnaping, an aggravated battery, a sexual assault, and the further aggravated batteries and

-5-

sexual assaults against the victim, [which meant] the State was not required to join the various offenses because they did not arise from the same act." *Id.*

¶ 19    Following the 2000 decision in *Gooden*, the supreme court made clear in 2003 that the compulsory joinder-speedy trial rule from this court's decision in *Williams* remained good law. *People v. Williams*, 204 Ill. 2d 191, 207 (2003). In *Williams*, the supreme court made clear that a defendant's speedy trial rights are implicated whenever the initial charge and the new and additional charges are subject to compulsory joinder. *Id.* When compulsory joinder applies, the State has only the applicable speedy trial term to file new and additional charges. The compulsory joinder-speedy trial rule provides that the speedy trial clock runs inexorably from the date of arrest on any as-yet uncharged offenses that arise from the same criminal act that led to the charge underlying the defendant's arrest. *Williams*, 204 Ill. 2d at 207. If the defendant remains in custody, the State has 120 days from the defendant's arrest to file new and additional charges; if the defendant has been released on bail, the State has 160 days. Delays occasioned by the defendant in the running of the speedy trial term on the initial and pending charge "are not attributable to the defendant on the subsequent charges." *Id.* In other words, tolling of the speedy trial terms of the new and additional charges can only occur when and if the subsequent charges are filed within the speedy trial term. This rule is necessary to "close a loophole [that] would [otherwise] allow the State to circumvent a statutorily implemented constitutional right [to a speedy trial]." *Id.*

¶ 20    In its main brief, the State contends that "the new offenses were not based on the same 'act' as the pending charge." The State asserts that application of the *Williams* rule turns on the answers to three questions: "(1) were the offenses known to the prosecuting officer at the time the prosecution was commenced; (2) are the offenses within the jurisdiction of the single court; and (3) are the offenses based on the same act." The State challenges only the circuit court's affirmative answer to the third question. In support of its position, the State relies primarily on its contention that the one case that found simultaneous possession to trigger compulsory joinder, *People v. Baker*, 77 Ill. App. 3d 943 (1979), is distinguishable. The State contends that the holding by the Fourth District in *Baker* should be limited to simultaneous possession of narcotics.

¶ 21    In *Baker*, the defendant was arrested and charged with illegal transportation of liquor and unlawful possession of cannabis. *Id.* The search incident to his arrest resulted in the recovery of pills that were later determined to contain a controlled substance. *Id.* On October 27, 1978, approximately three weeks after his arrest, the defendant pleaded guilty and was sentenced on the charges of illegal transportation of liquor and possession of cannabis. *Id.* "On March 1, 1979, defendant was indicted for unlawful possession of a controlled substance." *Id.* The defendant filed a motion to dismiss based on a violation of the compulsory joinder statute. *Id.* at 943-44. Following an evidentiary hearing, the circuit court issued a written order, granting the defendant's motion, from which the appellate court quoted: " 'This court concludes that § 3-3 mandates the filing and prosecution of the illegal transportation of liquor, possession of cannabis, and possession of controlled substances charges together in a single prosecution because *** all arose from a single, indivisible course of conduct or activity ***.' " *Id.* at 944. The State argued that the compulsory joinder statute did not apply because "cannabis is not denominated a controlled substance and that this case does not

-6-

concern the construction of the Controlled Substances Act." *Id.* at 944-45. Based on this incontestable position, the State dismissed the relevance of the supreme court's decision in *People v. Manning*, 71 Ill. 2d 132 (1978), which held that "in the absence of a statutory provision to the contrary [since enacted], the simultaneous possession of more than one type of controlled substance, under the circumstances shown on this record, constituted a single offense, and only one sentence should have been imposed." *Id.* at 137. In *Manning*, the defendant "was convicted upon separate counts of possession of different controlled substances." *Baker*, 77 Ill. App. 3d at 944 (citing *Manning*, 71 Ill. 2d 132). As the *Baker* court explained, *Manning* concluded that the Controlled Substances Act, as it existed then, did not permit separate convictions for the various controlled substances possessed by defendant Manning because possession of the various controlled substances constituted but a single crime. *Baker*, 77 Ill. App. 3d at 944 (citing *Manning*, 71 Ill. 2d at 137). Unlike the State, the appellate court found *Manning* apposite to the issue in *Baker*: "Implicit in the *Manning* rationale is the determination that the 'simultaneous possession' constituted but a single act, and as such comes within the statutory mandates of section 3-3(b) of the Criminal Code of 1961 [citation] requiring compulsory joinder." *Id.* at 945. The court affirmed the circuit court's dismissal of the State's indictment. *Id.*

¶ 22    Much as it argued in *Baker*, the State urges before us "that nothing in *Manning* indicates that its holding was meant to be extended beyond controlled substances." It argues that the constructive possession in the instant case is different because the defendant is charged with "possessing two weapons and cannabis." The State contends that the defendant in *Baker* was committing "merely one offense, possession of a controlled substance." This argument, however, ignores the unassailable fact that *Baker* involved three distinct offenses of illegal transportation of liquor, possession of cannabis, and possession of a controlled substance. *Id.* at 943. The holding in *Baker* is that the later-filed offense of possession of a controlled substance was subject to compulsory joinder with at least the possession of cannabis to which the defendant pled guilty approximately three weeks after his arrest. *Id.* at 945. When the State accepted the defendant's pleas of guilty to the offenses he was charged with at the time of his arrest, the State was barred from prosecuting the third offense, which was not pending at the time.

¶ 23    Consistent with the holding in *Baker*, the defendant argues that he engaged in a single criminal act that gave rise to all the charges. He "constructively and simultaneously possessed cannabis and two guns on October 5, 2008." He argues that if the same act is not involved, then different acts must be present. However, "different acts are those that are independent and overt and that occur in series–one after the other," citing *Gooden*, 189 Ill. 2d at 219-20. In other words, the defendant maintains that the undisputed facts do not reasonably permit that independent and serial constructive possession of cannabis and the two guns occurred. In addition to *Baker* and *Gooden*, the defendant relies on *People v. Quigley*, 183 Ill. 2d 1 (1998), to support his position.

¶ 24    We begin our analysis with the State's proper concession that it had knowledge of all the contraband recovered following the defendant's arrest. It is reasonable to conclude that the new and additional gun-related offenses were reasonably known to the prosecution no later than at the time bail was set on the day following the defendant's arrest, which involved

disclosure of his criminal background. As with virtually every case where charges are dismissed based on a violation of the speedy trial term, the State offers no explanation in this case for its failure to file the gun-related charges within 160 days of the defendant's arrest. See, *e.g.*, *Williams*, 94 Ill. App. 3d at 249 ("Only the State's tardiness (for which the State has never offered an explanation) in filing the new and additional charges precluded commencement of prosecution on these charges within the speedy trial term.").

¶ 25    Along with the admitted awareness by the State of other charges that could have been filed following the recovery of both the cannabis and the handguns, we keep in mind our supreme court's admonishment in *Quigley* that "the phrase 'based on the same act' cannot be given a hypertechnical interpretation to create multiple acts based on discrete moments in time." *Quigley*, 183 Ill. 2d at 11.

¶ 26    In *Quigley*, the circuit court ruled the State could proceed with a felony aggravated driving under the influence (DUI) charge after the misdemeanor DUI charge had been dismissed on speedy trial grounds. The appellate court affirmed. *People v. Quigley*, No. 2-95-1643 (1997) (unpublished order under Supreme Court Rule 23). Each lower court concluded that the aggravated DUI offense involved an additional act that led to the accident, which gave rise to the aggravating factor. *Quigley*, 183 Ill. 2d at 4-5. The supreme court explained why this reasoning was wrong. "[T]he appellate court erred in failing to recognize that the misdemeanor DUI is a continuing offense that does not just occur when an individual starts driving his vehicle." *Id.* at 10-11. While commission of a misdemeanor DUI results in a Class 4 felony DUI when an aggravating factor is present, "[t]he essential and underlying criminal act *** remains the same: driving while under the influence. The physical injury caused to others by driving while under the influence produces the felony." *Id.* at 10.

¶ 27    In the instant case, the State in effect argues that the defendant engaged in separate and distinct acts of constructive possession of the cannabis and the handguns that were effectively recovered simultaneously. To accept this contention would require that we create multiple acts of constructive possession at discrete moments in time, which the *Quigley* court admonished against. *Quigley*, 183 Ill. 2d at 11.

¶ 28    Instead, we conclude that constructive possession of the handguns and cannabis is like the felony and misdemeanor charges of driving while under the influence charged in *Quigley*, where a "continuous and uninterrupted act" was involved. *Id.* Just as only one criminal act was involved in *Quigley*, so too the defendant here engaged in a single act of simultaneous, constructive possession of the cannabis and the handguns.

¶ 29    The criminal act of the defendant here of constructively possessing both the cannabis and the handguns, as the State alleges, cannot be divided into multiple distinct and overt acts. The simultaneous, constructive possession of the cannabis and the handguns is analogous to both items being present in a single container that the defendant is alleged to have possessed. It is the singular act of possessing that container that triggers compulsory joinder under *Quigley* and *Baker*. From this analogy, it follows that different acts might well be involved had the defendant possessed either the cannabis or handguns on his person, while constructively possessing the other. See *Manning*, 71 Ill. 2d at 133 ("the acts of burglary and possession of controlled substances were separate acts").

¶ 30       Under the limited facts of this case, it is immaterial that the cannabis charge and the gun-related charges have different elements. That different charges could flow from the defendant's criminal conduct resulting in his arrest is no basis to conclude that the defendant engaged in different acts under the compulsory joinder statute. We are aware of no authority for the State's implicit contention that charging the defendant with different offenses, *ipso facto*, means different acts were involved. As the supreme court noted, a single criminal act may violate several different statutes. *Quigley*, 183 Ill. 2d at 10 ("The 'same act' requirement applies *** where several different statutes are violated by one act."). In addition to *Baker*, the supreme court's case of *Williams* illustrates this.

¶ 31       In *Williams*, the defendant was originally charged with only the offense of contributing to the criminal delinquency of a juvenile (720 ILCS 5/33D-1 (West 1996)) in connection with the murder of an individual named Patterson. *Williams*, 204 Ill. 2d at 196-97. The evidence at trial proved the defendant provided a gun to a juvenile that the juvenile used to kill Patterson. *Id.* at 195. The defendant also accompanied the juvenile to the location where the murder occurred. *Id.* at 194. The State charged the defendant with the murder of James Patterson "168 days after it charged him with contributing to the criminal delinquency of a juvenile in connection with Patterson's death." *Id.* at 197. On appeal, the defendant claimed the murder charge involving Patterson violated his statutory right to a speedy trial. *Id.* at 197. In rejecting defendant Williams's challenge, the appellate court held it was not bound by the supreme court's explicit language regarding the compulsory joinder-speedy trial rule in *Gooden*. The appellate court reasoned: " ' Because the supreme court reversed this court's decision in *Gooden* on the basis that the charges are not subject to compulsory joinder, any further statements by the supreme court regarding delay attributable to the defendant on the originally filed charges and the later-filed charges are mere *dicta*.' " *Williams*, 204 Ill. 2d at 205 (quoting *People v. Williams*, No. 5-99-0452 (2000) (unpublished order under Supreme Court Rule 23)). The supreme court soundly rejected the appellate court's conclusion that it could ignore "mere *dicta*" by the supreme court. *Id.* "[Y]esterday's *dicta* have become today's decision." *Id.* at 207. The supreme court ruled the appellate court deviated from the established rule of law to conclude that "delays attributable to the defendant on the contributing charge were similarly attributable to the defendant on the murder charge." *Id.* at 205. The supreme court held that "the State violated the speedy-trial act on the murder charge" when it waited too long to file the murder charge against the in-custody defendant. *Id.* at 208.

¶ 32       Our supreme court's decision in *Williams* and the Fourth District's decision in *Baker* are contrary to the State's facile claim that compulsory joinder does not apply when a defendant is charged with "committing very distinct offenses." The charges of murder and contributing to the criminal delinquency of a juvenile charged in *Williams* are distinct offenses. So too are the offenses involved in *Baker* of illegal transportation of liquor, possession of cannabis, and possession of a controlled substance. Both *Williams* and *Baker* demonstrate that distinct offenses can arise from the same criminal act to trigger compulsory joinder.

¶ 33       In accordance with the supreme court's decision in *Williams* and the Fourth District's decision in *Baker*, we conclude that the simultaneous, constructive possession of the cannabis and the handguns recovered in the instant case gave rise to offenses that the State

-9-

was required to prosecute "in a single prosecution" as directed by section 3-3(b) of the Criminal Code of 1961. 720 ILCS 5/3-3(b) (West 2008). The State fails to persuade us that constructive possession should be treated differently than had the cannabis and guns been recovered simultaneously from a single container possessed by the defendant or from the defendant's person. See *Baker*, 77 Ill. App. 3d at 945 (" 'simultaneous possession' constituted but a single act"). We reject the State's hypertechnical interpretation of the "same act" to create multiple acts based on discrete moments in time in which the defendant constructively possessed the cannabis separately from constructively possessing the handguns.

¶ 34        Finally, it bears noting that the State could have avoided the outcome in this case by filing the gun-related charges that it unquestionably was aware of within 160 days of the defendant's arrest. If there was a need to delay going to trial on the gun-related charges, which were subject to compulsory joinder with the cannabis charge, the State could have sought a court order to try the charges separately. See 720 ILCS 5/3-3(c) (West 2008) (in the interest of justice, a court may order charges be tried separately).

¶ 35        From the legal conclusion that the cannabis charge and the gun-related charges were subject to compulsory joinder, it follows that the speedy trial rights of the out-of-custody defendant were violated when, more than 160 days after the defendant's arrest, the State lodged a new indictment against the defendant, charging him with five new, gun-related offenses.

¶ 36                                        CONCLUSION

¶ 37        At the time of the defendant's arrest on constructive possession of cannabis, the compulsory joinder statute required the State to charge the defendant with the offenses that arose from the defendant's alleged constructive possession of the handguns, which were recovered simultaneously with the cannabis. Because the State returned the indictment charging the defendant with five new and additional counts of gun-related offenses more than 160 days after the defendant's arrest on the cannabis charge, the circuit court properly dismissed those five counts pursuant to the statutory speedy trial provision. We affirm the circuit court.

¶ 38        Affirmed.