# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Dismuke*, 2013 IL App (2d) 120925

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ANTWON L. DISMUKE, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-12-0925 |
| Filed | June 19, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's motion to dismiss his prosecution for unlawful possession of a weapon by a felon and being an armed habitual criminal was properly granted based on the State's violation of the compulsory-joinder and speedy-trial statutes, since the charges arose from defendant's possession of cannabis and a handgun, both items were discovered during the same search at the same place, for purposes of the compulsory-joinder statute, defendant committed a single act and both charges should have been brought in a single prosecution, but the weapon charge was not brought until after the 160-day speedy-trial period for the initial charge based on possession of cannabis had expired. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 10-CF-2605; the Hon. David R. Akemann, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M. Bauer and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
|---|---|
| | Thomas A. Lilien and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellee. |
| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion.<br><br>Justices Hutchinson and Jorgensen concurred in the judgment and opinion. |

## OPINION

¶ 1        Defendant, Antwon L. Dismuke, was indicted for being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2008)) and for unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2008)). The trial court granted defendant's motion to dismiss the charges. The State appeals pursuant to Illinois Supreme Court Rule 604(a)(1) (eff. July 1, 2006). We affirm.

¶ 2                                BACKGROUND

¶ 3        On November 19, 2009, Aurora police and special agents of the Bureau of Alcohol, Tobacco, and Firearms executed a search warrant at defendant's residence and arrested defendant and 10 others present at the time. The search warrant was aimed at recovering a firearm, ammunition, and proof of defendant's residency there. Items recovered during the search included a loaded handgun (found under the living room couch), an empty .380-caliber magazine, several containers of cannabis (found in three plastic bags in the kitchen and in a mason jar in the living room), and proof of defendant's residency.

¶ 4        On November 20, 2009, defendant was charged with misdemeanor possession of cannabis. Defendant was booked and fingerprinted, and he posted bond. On December 1, 2009, the cannabis recovered was sent to the Illinois State Police forensic lab. Thereafter, on March 30, 2010, defendant filed a written demand for a speedy trial.

¶ 5        With respect to the handgun recovered in the search, on November 25, 2009, an Aurora police department evidence technician lifted two latent fingerprints from the handgun and returned them to evidence storage. On July 15, 2010, the technician notified an Aurora police investigator that he had recovered a latent fingerprint[1] from the handgun. On September 1,

---

[1]It is not clear from the record whether the technician noted that there were two prints lifted or whether, at that point, the technician believed that only one of the prints was suitable for comparison.

2010, the police investigator retrieved defendant's fingerprints from the booking sergeant and sent them, with the latent prints recovered from the weapon, to the Illinois State Police forensic lab. A forensic scientist generated a report on September 16, 2010, indicating that a comparison of the suitable latent print recovered from the handgun revealed that it was made by defendant. The Aurora police investigator received the forensics report on September 22, 2010. On October 25, 2010,[2] defendant was indicted for being an armed habitual criminal (a Class X felony) and for unlawful possession of a weapon by a felon (a Class 2 felony). Defendant filed a speedy-trial demand.

¶ 6        For the next year and a half, defendant, alternately represented by the multiple defenders division[3] and private counsel, and appearing *pro se*, moved several times to dismiss the gun-related charges on compulsory-joinder and speedy-trial grounds. After the trial court denied defendant's first motion to dismiss, he filed three *pro se* motions to dismiss (one was entitled a supplemental motion). With respect to each motion, the court granted the State's motion to strike because the issues had already been litigated.

¶ 7        Ultimately, on July 6, 2012, defendant, represented by private counsel, filed the motion to dismiss at issue here. The trial court heard argument on the motion on July 18, 2012, and took the matter under advisement. Relying heavily on *People v. Hunter*, 2012 IL App (1st) 092681, the court granted defendant's motion to dismiss in a written memorandum opinion entered on August 10, 2012. The State timely appeals.

¶ 8                                      ANALYSIS

¶ 9        Section 103-5 of the Code of Criminal Procedure of 1963 (Code of Criminal Procedure) (725 ILCS 5/103-5 (West 2008)) contains the speedy-trial statute, which directs that a defendant who was in custody and is subsequently released on bail shall be tried within 160 days from the date he or she filed a written demand for trial. 725 ILCS 5/103-5(b) (West 2008); *People v. Hunter*, 2013 IL 114100, ¶ 10. A defendant not tried within the statutory period must be released from his or her trial obligations and have the charges dismissed. 725 ILCS 5/103-5(d), 114-1(a)(1) (West 2008); *Hunter*, 2013 IL 114100, ¶ 10. The compulsory-joinder statute is found in section 3-3 of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/3-3 (West 2008)), which "requires the State to prosecute all known offenses within the jurisdiction of a single court in a single criminal case 'if they are based on the same act.' " *Hunter*, 2013 IL 114100, ¶ 10 (quoting 720 ILCS 5/3-3(b) (West 2008)). Our supreme court has explained that the interplay between the speedy-trial and compulsory-joinder statutes requires that, if multiple charges are subject to compulsory joinder, "the speedy-trial period begins to run when the speedy-trial demand is filed, even if the State brings some of

---

[2]The indictment is file-stamped October 25, 2010. The indictment was returned on October 15, 2010. The trial court found that the State brought the additional charges against defendant on October 15, 2010.

[3]The trial court appointed the "MDD" after an assistant public defender informed it of a conflict due to the involvement of codefendants in the case.

-3-

the charges at a later date." (Internal quotation marks omitted.) *Hunter*, 2013 IL 114100, ¶ 10.

¶ 10    Here, the State argues that compulsory joinder was not required, because the gun-related charges were not "based on the same act" as the cannabis charge–within the meaning of section 3-3(b) of the Criminal Code. The State raises no argument regarding the applicability of the speedy-trial statute if we conclude that compulsory joinder applies. It is undisputed that, if compulsory joinder applies, the speedy-trial period began to run when defendant filed a written demand for trial in the cannabis case. Also undisputed is the fact that, when the State brought the gun-related charges, the 160-day speedy-trial period had expired. Accordingly, the question we must decide is whether compulsory joinder applies. The issue presents a legal question and the facts are undisputed; therefore, our review is *de novo*. See *Hunter*, 2013 IL 114100, ¶ 12 (using *de novo* review in similar circumstances).

¶ 11    In the trial court, the parties argued whether the appellate court's decision in *Hunter*, 2012 IL App (1st) 092681, governed. At that time, a petition for leave to appeal was pending in our supreme court. Not long after briefing was completed in the instant case, our supreme court issued its decision in *Hunter*, 2013 IL 114100. We agree with the trial court that the facts in *Hunter* are "strikingly similar" to the facts in the present case.

¶ 12    In *Hunter*, the State charged the defendant with cannabis possession, and the defendant filed a written demand for trial. *Hunter*, 2013 IL 114100, ¶ 5. More than 160 days later, the grand jury returned a six-count indictment against the defendant, including one count of being an armed habitual criminal, four counts of unlawful use of a weapon by a felon, and the original cannabis charge. *Hunter*, 2013 IL 114100, ¶ 6. All six counts were based on evidence retrieved in a search incident to an arrest following police surveillance of the defendant selling drugs from the vestibule of a building. *Hunter*, 2013 IL 114100, ¶ 3. The recovered evidence included cannabis and a handgun found in the vestibule near the defendant and another handgun found in a staircase in the vestibule about five feet from the defendant. *Hunter*, 2013 IL 114100, ¶ 3. The trial court granted defendant's motion to dismiss the gun-related charges on compulsory-joinder and speedy-trial grounds. The State appealed, and the appellate court affirmed. *Hunter*, 2013 IL 114100, ¶ 7.

¶ 13    Our supreme court allowed the State's petition for leave to appeal and affirmed. *Hunter*, 2013 IL 114100, ¶ 1. Our supreme court began its analysis by looking at the plain language of the phrase "based on the same act" in the compulsory-joinder statute in section 3-3(b) of the Criminal Code, noting that the word " 'act' is generally regarded as ambiguous." *Hunter*, 2013 IL 114100, ¶ 16. The court observed that the legislature's purpose in enacting the compulsory-joinder statute was to " 'prevent the prosecution of multiple offenses in a piecemeal fashion and to forestall, in effect, abuse of the prosecutorial process.' " *Hunter*, 2013 IL 114100, ¶ 18 (quoting *People v. Quigley*, 183 Ill. 2d 1, 7 (1998)). The court examined the committee comments for section 3-3, which explained that the phrase "the same act" was "designed to describe the situation in which several persons are affected by only one act of the defendant, such as *** the stealing, in a single container, of several articles of property belonging to different persons; or violating by one act two different statutory provisions." (Internal quotation marks omitted.) *Hunter*, 2013 IL 114100, ¶ 18. The court stated that it had never given the phrase–"based on the same act"–a "hypertechnical

-4-

interpretation to create multiple acts based on discrete moments in time." *Hunter*, 2013 IL 114100, ¶ 18. Because both of the handguns and the cannabis had been discovered "during the same search, at the same place, and at the same time," the court held that the "defendant's simultaneous possession of cannabis and handguns was the same 'act' pursuant to the compulsory joinder statute because multiple offenses arose from this one act." *Hunter*, 2013 IL 114100, ¶ 20.

¶ 14 Here, we conclude that, under *Hunter*, defendant's possession of cannabis and of the handgun was the same act.[4] In both cases, the handguns that formed the bases of the later-filed charges were found during the same searches at the same times and places as the cannabis that resulted in the original charges. As in *Hunter*, defendant committed a single act within the meaning of the compulsory-joinder statute, and the State was required to charge him with all of the offenses arising therefrom in a single prosecution. Defendant's written demand for trial in the cannabis case commenced the applicable 160-day speedy-trial period. See *Quigley*, 183 Ill. 2d at 13 (explaining that, when additional charges subject to compulsory joinder are brought, the speedy-trial period is the same as that applied to the original charges). Accordingly, because the State brought the gun-related charges beyond this period, the trial court properly granted defendant's motion to dismiss on speedy-trial grounds.

¶ 15 The State argues that reliance on *Hunter* is "undermine[d]" because, unlike in *Hunter*, defendant here admitted that some of the cannabis was his. Thus, according to the State, the cannabis charge was based on actual possession and could not be the same act as the constructive possession of the handgun. As did the trial court, we disagree.

¶ 16 "To sustain a criminal conviction for the unlawful possession of a controlled substance, the State must prove the identity of the substance in question, the accused had knowledge the substance was present, and he or she had actual or constructive possession of the substance." *Grames v. Illinois State Police*, 254 Ill. App. 3d 191, 203 (1993). Thus, actual possession and constructive possession are not two distinct offenses; rather, they are two theories under which a defendant may be proved guilty of the offense of possession. A defendant is said to have had actual possession when he or she "exercise[d] immediate and exclusive dominion or control over the illicit material"; however, the defendant need not have been actually touching the material. *People v. Givens*, 237 Ill. 2d 311, 335 (2010). The State may prove actual possession with testimony showing "some form of dominion over the unlawful substance, such as trying to conceal it or throwing it away." *People v. Love*, 404 Ill. App. 3d 784, 788 (2010). Absent actual possession, a "defendant has constructive possession over a controlled substance when he or she has the intent and capability to maintain control and dominion over the controlled substance." *People v. Eghan*, 344 Ill. App. 3d 301, 307 (2003).

_____

[4]We note the State's argument that the appellate court's decision in *Hunter* was poorly reasoned, especially the "single container" analogy. See *Hunter*, 2012 IL App (1st) 092681, ¶ 29. Given our supreme court's discussion approving of this analogy (*Hunter*, 2013 IL 114100, ¶ 19), we do not address this argument. Similarly, we decline the State's request to consider its elements-based approach to compulsory joinder, as the argument was not only procedurally defaulted, but also rejected by our supreme court (*Hunter*, 2013 IL 114100, ¶¶ 21-22).

The State may prove constructive possession through evidence of the defendant's "[h]abitation in or rental of the premises where narcotics are discovered." *People v. Blue*, 343 Ill. App. 3d 927, 939 (2003).

¶ 17 In the present case, the State asserts that defendant "admitted that the cannabis was his." At the hearing on defendant's motion to dismiss, the State argued that defendant admitted "to possession of the marijuana." The trial court's opinion referred to defendant's admission of "ownership." This alleged admission, while relevant to the offense of possession generally, has no relevance exclusive to either theory. For example, defendant's alleged admission could have established his knowledge of the presence of cannabis in his residence (an element of possession generally); the admission could have been evidence of defendant's actual physical dominion over the cannabis (for actual possession); or the admission could have been a reflection of defendant's acknowledgment of his control over the premises (for constructive possession). Thus, defendant's admission did not establish that defendant's possession of the cannabis was actual possession.

¶ 18 Moreover, regardless of whether the cannabis possession was actual or constructive, defendant's possession of the handgun and the cannabis was " 'committed' " at the time of his arrest. See *Hunter*, 2013 IL 114100, ¶ 19 (" '[A] possession crime is "committed" at the time of the offender's arrest.' " (quoting *People v. Jenkins*, 383 Ill. App. 3d 978, 986 (2008))). This simultaneous possession of both the cannabis and the handgun was a single act. The fact that possession with respect to the cannabis might be proved differently than possession with respect to the handgun does not compel the conclusion that there were two distinct acts. See *Hunter*, 2013 IL 114100, ¶ 18 (reviewing the committee comments for section 3-3, which explained that one of the situations encompassed by the phrase "the same act" was where a defendant violated two different statutory provisions by one act).

¶ 19 Significantly, the State never explains how defendant's purported actual possession of the cannabis would undermine reliance on *Hunter*. While *Hunter* involved a theory of constructive possession, we see no reason why the court's holding would not apply to a theory of actual possession. The holding in *Hunter* was premised on simultaneous possession of various items of contraband and was not contingent upon a particular theory of possession. The court stated:

"In sum, defendant simultaneously possessed the cannabis and two handguns, and this contraband was discovered during the same search, at the same place, and at the same time. Based on these facts, we conclude that defendant committed a single physical act within the meaning of the compulsory joinder statute." *Hunter*, 2013 IL 114100, ¶ 27.

¶ 20 We also note, as defendant points out, that the State took the position in the court below that defendant made several admissions linking himself to the handgun after he was confronted with the fingerprint evidence. Accepting this as true, applying the State's reasoning would compel the conclusion that defendant's handgun admissions, like his cannabis admission, would have converted that act of possession to actual possession. Thus, under the State's reasoning, defendant's possession of the handgun and the cannabis would still be one simultaneous act of possession.

¶ 21 Finally, the State asserts that compulsory joinder should not apply because the State

"could not prosecute" defendant for the gun-related charges "until the *** lab had processed the fingerprints, and identified the one latent print as" defendant's. Section 3-3(b) of the Criminal Code provides that "[i]f the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, *** if they are based on the same act." 720 ILCS 5/3-3(b) (West 2008). Thus, one requirement of compulsory joinder is the State's knowledge of the offenses at issue when it charged defendant with cannabis possession.

¶ 22 We note that the State raises no argument regarding the trial court's finding that the State "unquestionably became aware of [the gun-related charges] upon the initial search" of defendant's residence. The search warrant was aimed at recovering evidence of a firearm, ammunition, and defendant's residency, and those items were recovered during the search on November 19, 2009. At a minimum, the State knew of the possibility of the gun-related charges when it charged defendant with cannabis possession. Under the facts of this case, this knowledge was sufficient to trigger compulsory joinder under section 3-3(b). See *People v. Hiatt*, 229 Ill. App. 3d 1094, 1097 (1992) (in a child pornography case, rejecting the State's argument that it did not know of the possibility of charges stemming from photographs discovered in the same search as a videotape, on which charges previously had been brought).

¶ 23 We are cognizant that 10 other persons were present in defendant's residence during the search when the handgun was seized and that the State elected to wait to bring charges until it had the fingerprint evidence. Nonetheless, the solution to the dilemma was not to ignore the speedy-trial statute; indeed, section 103-5(c) of the Code of Criminal Procedure anticipates such situations by allowing for extensions of the speedy-trial period. 725 ILCS 5/103-5(c) (West 2008) ("If the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later day the court may continue the cause on application of the State for not more than an additional 60 days."). Thus, had the State legitimately needed additional time, it could have requested such from the trial court. The record, however, contains no application by the State for additional time. Nor, we might add, does the record reflect the statutorily required due diligence by the State. See *People v. Battles*, 311 Ill. App. 3d 991, 1001 (2000) (holding that the State failed to meet its burden of showing due diligence under section 103-5(c), where the State merely alleged lab backlog without showing what it did to overcome the backlog). By November 25, 2009, within six days of the execution of the search warrant, the State had the handgun, defendant's fingerprints, and a latent print recovered from the handgun.[5] Yet, this evidence was not even submitted to the Illinois State Police lab until September 1, 2010, more than nine months later. Accordingly, we reject the State's argument that compulsory joinder does not apply due to the State's lack of knowledge.

[5]Presumably, given that the 10 other persons present during the execution of the search warrant at defendant's home were also arrested on November 19, 2009, the police were in possession of their fingerprints as well.

¶ 24    For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

¶ 25    Affirmed.